[No. 3,633.]

# CHRISTIAN F. A. DAMBMANN v. PATRICK J. WHITE AND HENRY BRESLAUER.

COMPLAINT BY ASSIGNEE IN BANKRUPTCY.—In proceedings in bankruptcy, the legal title to the property of the bankrupt vests in the assignee, and in an action brought by the assignee to recover the assets of the bankrupt, it is not necessary to aver in the complaint, the bankruptcy of the bankrupt, nor the appointment of the plaintiff as assignee; but it is sufficient to allege that the plaintiff owns the property. The facts by which the assignee acquired the property are not ultimate, but probative facts.

ACTION BY ASSIGNEE IN BANKRUPTCY.—In an action by an assignee in bankruptcy to recover the assets of the bankrupt, the plaintiff may prove the bankruptcy, and his appointment as assignee, under a general allegation in the complaint, that he owns the goods.

SUIT BY ASSIGNEE IN BANKRUPTCY AGAINST A STRANGER.—Although an assignee in bankruptcy holds the legal title to the property of the bankrupt when recovered, in trust for the purposes specified in the statute, still, as between him and a stranger, he holds the title, and may assert it in the same form of action as though he owned the fee.

PROOF IN ACTION BY ASSIGNEE IN BANKRUPTCY.—In an action by the assignee in bankruptcy against a stranger to recover the assets of the bankrupt, it is not necessary for the plaintiff to prove his appointment

as assignee, nor all the steps taken in the proceedings in bankruptcy, but after proof of the adjudication in bankruptcy, a copy of the assignment is evidence of the assignee's title.

DEPOSITION OF A WITNESS OUT OF THE STATE.—In an application for a commission to take the deposition of a witness residing out of the State, it is sufficient to serve on the opposite party the copy of an order of the Court or Judge requiring the party to show cause on a day named why a commission should not issue. No other notice is required. If the day named is less than the five days required for notice by the statute, the order and the issuing of the commission are equivalent to an order shortening the time.

IDEM.—The commission to take a deposition need not state on its face that the person to whom it issued was a Judge or a Justice of the Peace.

IDEM.—The presumption is, that on granting the commission, the Judge who ordered it performed his duty, and directed it to a person who was qualified to execute it.

ASSIGNEE IN BANKRUPTCY CAN SUE IN STATE COURT.—An assignee in bankruptcy can maintain an action in a State Court to recover personal property or damages therefor disposed of by the bankrupt in fraud of the bankrupt law.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint was as follows:

Christian F. A. Dambmann, plaintiff in this suit, assignee of the estate and effects of Oscar Reinstein and Simon Mamlock, bankrupts under the statute of the United States, complains of Patrick J. White and Henry Breslauer, defendants, and alleges against them as follows:

Heretofore, to wit: On or about the thirty-first day of March, in the year eighteen hundred and sixty-nine, at the City and County of San Francisco, the plaintiff was possessed as of his own property, as such assignee aforesaid, of the following goods and chattels, to wit: One hundred Marseilles quilts, fifteen hundred pair of men's woolen half hose, forty coats, twenty vests, one thousand merino shirts, one thousand merino drawers, and four thousand yards of linen check, said goods and chattels then and there being of the value of three thousand dollars.

That on or about the day last aforesaid, at the City of San Francisco, aforesaid, the defendants unlawfully took and disposed of said goods and chattels above mentioned

and described, which were then and there of the value of three thousand dollars.

That on the day and year last aforesaid, at the place aforesaid, the defendants unlawfully took and converted and disposed of said goods to their own use, to the damage of the said plaintiff, as such assignee as aforesaid, of three thousand dollars.

Wherefore the plaintiff, assignee as aforesaid, prays judgment for three thousand dollars and costs.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, but the demurrer was overruled. The defendants then answered, denying the allegations of the complaint. On the trial, the counsel for the plaintiff made the following opening statement:

That the property in question in this suit, consisting of five cases of clothes and dry goods, was shipped from New York to San Francisco, on the 1st of October, 1868, by Reinstein & Mamlock, who were then the owners of said goods; that on the 21st day of October, 1868, certain proceedings in bankruptcy were taken against Reinstein & Mamlock in the United States District Court for the Southern District of New York; that under these proceedings Reinstein & Mamlock were declared bankrupts, and that on the 25th day of March, 1869, an assignment of their property was executed under the Bankrupt Law to the plaintiff in this suit. That on the 7th day of January, 1869, the defendant Breslauer, who had commenced suit in the Fourth District Court against said Reinstein & Mamlock, issued an attachment therein, and placed the same in the hands of the defendant, White, who was then Sheriff of the City and County of San Francisco, with instructions to attach the property in question; that the defendants thereupon attached said property then being in the Pacific Mail Steamship Company's Office, and the same was subsequently sold under execution in said suit by the defendant White, and the proceeds of sale, deducting fees and expenses were paid over to defendant Breslauer; that the goods were sold at Sheriff's sale, for gold coin, and brought eleven hundred

and eleven dollars and fifteen cents. Defendants' counsel then objected to the jurisdiction of the Court, on the ground that the United States Courts alone had jurisdiction of the subject-matter of the action, as stated by counsel, which was the collection of the assets of the bankrupts, Reinstein & Mamlock. The Court overruled the objection, and the defendants, by their counsel, duly excepted. Defendants' counsel then moved the Court for a nonsuit on plaintiff's opening, on the ground that the complaint contained no allegation as to the bankruptcy of Reinstein & Mamlock, nor averred any facts showing the appointment of plaintiff as their assignee; but was a complaint in trover to recover the value of goods taken from the possession of plaintiff, and as he only claimed to be able to show a constructive possession, arising from his appointment as assignee, and the adjudication of bankruptcy, and these facts were not averred, evidence in support thereof would be inadmissible under the pleadings, and plaintiff could not recover.

It was admitted by plaintiff's counsel that no actual possession of the goods by the plaintiff could be shown, but that the title of plaintiff to the goods in question, and their value, arose only by virtue of the proceedings against Reinstein & Mamlock in bankruptcy, and his appointment as assignee. The Court overruled the objection, and denied the motion, and defendants' counsel excepted.

Plaintiff then offered in evidence a certified copy of the record in bankruptcy in the United States District Court for the District of New York, in the matter of O. Reinstein & S. Mamlock, in bankruptcy, showing a petition, filed October 22d, 1868, by C. F. A. Dambmann, the plaintiff herein; a deposition of said Dambmann to the Act of Bankruptcy, and a deposition of said Dambmann to the claim of the petitioning creditor, all of which papers, except the petition which was dated October 21st, 1868, are dated October 22d, 1868; an order to show cause why the prayer of said petition should not be granted, dated October 22d, 1868, an adjudication in bankruptcy against said Reinstein & Mamlock, dated February 8, 1869. It was recited in said adjudication that on the return of the order to show

cause, the said Reinstein & Mamlock appeared by attorney, and denied the allegations of the petition, and demanded a trial, but subsequently filed their written stipulation, withdrawing their said answer and denial. Said record also contained a certified copy of assignment in bankruptcy, but no order or instrument of any kind evidencing the appointment of said plaintiff as assignee, except the recital contained in the certified copy of the assignment as aforesaid.

Defendants' counsel objected to the introduction of the foregoing evidence, to wit: the certified copy of the proceedings in bankruptcy, on the grounds: First—That the same was irrelevant, as no averment was made in the complaint of the bankruptcy of said parties, or of the appointment of plaintiff as assignee, but that the action was one by plaintiff in his individual capacity; Second—That the Court had overruled the demurrer to the complaint filed in the cause, on the ground that the action was one by the plaintiff, in his individual right, and not in the representative capacity as assignee; and, Third—That the said evidence was not the best evidence to prove the appointment of plaintiff as assignee, but that the same should be proven by a certified copy of the order appointing him said assignee. The Court overruled the said objections and admitted the evidence, and defendant's counsel excepted.

Plaintiff then offered in evidence the deposition of F. Mamlock, taken before "the Honorable J. B. Williamson, of Marshall, Harrison County, State of Texas," to whom the commission of this Court was issued, in the words as above quoted, but failing to state, or show that he was a Judge of any Court, or an officer authorized by statute to take depositions. The certificate at the foot of the deposition reads as follows:

"Examination taken reduced to writing, and by the witness subscribed and sworn this 11th day of July, 1871, before me.

J. B. WILLIAMSON,
Judge 6th District,
Commissioner."

Defendants' counsel objected to the reading of this deposition, on the following grounds: First, that the commission under which it was taken, had been issued without notice to defendants' counsel, as prescribed by law; second, that it does not appear to have been issued to a Judge, or Justice of the Peace, or a Commissioner, as prescribed by law.

It was admitted here that the only notice given by plaintiff of his application for a commission was as follows: That a copy of an order made by the Court Commissioner, dated March 3, 1871, to the effect that the defendant, or his attorney, show cause on the 4th day of March, on the affidavit accompanying said order, and on the papers on file, why an order should not be made that commissions issue to parties to be designated by the Court, was served on defendants' attorneys, March 3, 1871. The Court overruled the objection, and defendants' counsel excepted.

The Court rendered judgment for the plaintiff and the defendants appealed.

*Grey & Brandon*, for the Appellants.

If it should be contended that the mere description of the plaintiff as assignee, etc., would be equivalent to pleading the Act of Bankruptcy and all necessary proceedings up to his appointment; it certainly could not be held to include the allegation of the execution of the instrument of assignment, which is a subsequent act to be performed by the Judge, or in certain cases only, by the Register, and which does not necessarily follow on his appointment. (See U. S. Bankrupt Act, Section 14.) Our Practice Act provides that the facts constituting the cause of action must be stated. The facts necessary to be alleged, and which we were entitled to controvert, and to be prepared to disprove, were: The Act of Bankruptcy; the adjudication thereof; the appointment of the plaintiff as assignee by the Judge, or if appointed (as in this case) by the Register; the existence of the facts authorizing the Register to appoint, and his appointment by the Register; and the assignment to him of the effects of the bankrupt. We were entitled to

know the place where, and the time when, the assignment was made, to be able understandingly to plead to the averment; for the proceedings might have been had at any time subsequent to the 1st of June, 1867, or in any State from Maine to Texas. We were entitled to plead the Statute of Limitations, if the action had not been brought within the proper time. We were entitled to know where the proceedings were taken to entitle us to inquire as to the validity.

If the complaint was not an action by plaintiff as assignee in bankruptcy, but was one in his private capacity as an individual (as, indeed, was held by the Court in overruling the demurrer, treating the words assignee, etc., as merely *descriptio personæ*), then the plaintiff should not have been permitted to treat it as an action by himself in his official capacity as assignee. He has availed himself of the former construction made by the Court, and can not now shift his position. The maxims apply: "*Qui tacet consentire videtur*;" and, "*Allegans contrairia non est audiendus.*"

The Court erred in denying defendants' motion for a nonsuit. Plaintiff's counsel had admitted in his opening that no actual possession of the goods by the plaintiff could be shown, but that his title thereto or to their value arose only by virtue of proceedings in bankruptcy against Reinstein & Mamlock. We submit that the law is, that where one sues in a representative capacity for goods which have never been in his possession, he must plead the facts showing his title. (*Halleck* v. *Mixer*, 16 Cal. 574; *Barfield* v. *Price*, 40 Cal. 535.) These cases refer to pleadings by administrators etc.; and an assignee in bankruptcy is, in effect, the administrator of the estate of a living person. (*Wheelock* v. *Hastings*, 4 Met. 509.) Where actual possession has existed, it is true there need not be any averment of title, but where only the right of possession exists, as in the case at bar, it must be. (Starkie on Evidence, 1st Am. ed. 1826, by J. Metcalf, vol. 3, * pp. 1483 and 1484.) None of these facts necessary to enable plaintiff to recover as assignee having been pleaded, and plaintiff having admitted that he could not show any actual possession, the evidence in support of plaintiff's title in his representative character was inadmis-

sible, and a motion for a nonsuit on the opening should have been granted.

On the grounds above stated the Court erred in admitting the copies of the proceedings in bankruptcy. These were entirely irrelevant in any action based only on the title of the plaintiff in his private capacity, or on his actual possession; but even construing the pleading as containing an averment of all proceedings up to, and including his appointment as assignee, then the copy of the assignment certainly should not have been admitted, for there was no averment of any asssignment (which, as we have seen) under section fourteen of the U. S. Bankruptcy Law is a separate and subsequent Act to be performed, and therefore a separate fact to be alleged. This section provides also that the copy of the assignment shall be conclusive evidence of the assignee's title. Evidence of what? It can only be made evidence of some fact, or facts, which it was necessary to plead, and which might be put in issue. And those facts would be the adjudication of bankruptcy, the appointment of plaintiff as assignee, his qualification, the assignment by the proper officer—in other words, his title.

Have the State Courts jurisdiction of actions by an assignee in bankruptcy to collect the assets of the bankrupt? There have been numerous decisions in other States, as in the United States Courts, on both sides of the question, but the question on this express point is a new one in this State; and this Court, whatever its decision may be, will have to disregard some decisions heretofore made. We have used the expression "express" point, because, as we shall hereafter show, the question has been settled by this Court on two occasions, upon a precisely analogous one. The decisions up to the submission of this cause would seem to have been mostly to the effect, that State Courts had jurisdiction in the cases stated, but since the submission the well considered cases cited in our petition for rehearing came to hand, to which we again invite the attention of the Court. They are: *Voorhees, assignee*, v. *Fisher & Morrow*—Supreme Court of Michigan; cited in Albany "Law Journal," February 1st, 1873, and in "Pacific Law

Reporter," March 25th, 1873, from which we extract the following: These cases hold that the State Courts have not jurisdiction. See also *Sherman* v. *Bingham et al.*, U. S. Supreme Court; cited in " National Bankruptcy Reporter," vol. 1, No. 10, 1872; *Martin* v. *Hunter*, 1 Wheat. 330; *Mc-Lean* v. *Lafayette Bank*, 3 McLean, 310; *Stevens* v. *U. S.*, Paine, 311; *Bingham* v. *Claflin*, Supreme Court Wisconsin, "National Bankruptcy Reporter," vol. 7, No. 9.

Two contrary decisions have also appeared, viz: *Gilbert* v. *Priest*, Sup. Ct. New York, "American Law News," Feb., 1873, p. 26; *Paysen* v. *Dietz*, U. S. Circuit Court, Iowa; "Pacific Law Reporter," Oct. 7, 1873. The former, however, is not the decision of an appellate Court; and in the latter, the question of the jurisdiction of State Courts is not involved, but the Court assumes it, and as mere *obiter* limits the jurisdiction of State Courts to cases where the assignee resorts to them with consent of the Bankruptcy Court. And both seem to be based on the fact that Congress has not in terms given exclusive jurisdiction to the United States Courts; the learned Judges seeming to have overlooked the point that Congress has no power either to give to, or take away from the State Courts jurisdiction in any way. (*Ex parte* Knowles, 5 Cal. 300.) And not to have realized that "exclusive jurisdiction necessarily attends exclusive legislation." (*United States* v. *Ames*, 1 Woodbury & Minot, 76; *United States* v. *Cornell*, 2 Mason. C. C. Rep. 91; *United States* v. *Bailey*, 9 Peters, 261.)

*Doyle & Barber*, for the Respondent.

The complaint is sufficient. If the averments as to plaintiff's assigneeship are omitted as surplusage, the complaint, as a pleading, is good. Treating those averments as material, the complaint is equally good. (See Forms. 2 Chitty Pl. 33, 838, 839, 840; 1 Abbott's Forms, edition of 1871, p. 131, form 174; *Hastings* v. *Fowler*, 2 Carter, Ind. 217.) Whether the plaintiff sued individually or as assignee, the evidence given by him proved his case in either aspect. He proved the legal title in himself by proving property in his assignors, and an assignment from them, and by this

evidence he also satisfied all the allegations of the complaint in respect to his representative character. (See Willes R. 104, note *a*; 1 Chitty Pl. 68, 69, note 3; *Valentine* v. *Jackson*, 9 Wend. 302; *Evans* v. *Moore*, 2 Cowp. 569; Bankrupt Act, Sec. 14.)

It may admit of question whether, when a right of property is created by the laws of the United States, Congress has the power to prohibit the holder of such title from claiming under it any relief which a State Court, in the exercise of its ordinary powers, would be able to give him, if he had acquired title from any other legal source. But it is unnecessary to pursue this inquiry, as Congress has not conferred upon the Federal Courts exclusive jurisdiction of such suits as the present. (Story on the Constitution, Secs. 1,752, 1,753, 1,754.)

The jurisdiction of a State Court of law over an action of trover, is a part of the primitive common law jurisdiction of such Court, and is not ousted by reason of a grant of a similar jurisdiction to the Federal Courts in cases where the plaintiff's title is derived through an Act of Congress. In cases where there is no exclusive grant of jurisdiction to the Federal Courts, if the State tribunals are so organized as to afford redress, it may be obtained therein. (*Peale* v. *Felton*, 1 Coms. 545; see also 1 Kent, *90, *397, and note; *Ward* v. *Jenkins*, 10 Metc. 584; *Hastings* v. *Fowler*, 2 Carter, Ind. 216; *Pindell* v. *Vimont*. 14 B. Monroe, 400.)

The very first case cited by the appellant, (*Voorhies* v. *Frisbie*, 8 National Bankruptcy Reg. p. 155,) admits that, in a case such as the present, the State Courts have jurisdiction. *Payson* v. *Dietz*, (8 N. B. Reg. 195,) expressly concedes such jurisdiction in the State Courts. *Sherman* v. *Bingham*, (5 N. B. Reg. 38,) admits the jurisdiction of the State Courts. It appears, from the opinion in the case on appeal, that the larger part of the suits arising in Massachusetts on bankruptcy titles, are brought in the State Courts, (7 N. B. Reg. p. 497,) and the jurisdiction of the State Courts is conceded by the appellate tribunal. In *Gilbert* v. *Priest*, (8 N. B. Reg. 161, 63 Barb. 339,) the

direct question was presented, whether the State Court had jurisdiction of a suit by the assignee in bankruptcy to set aside a conveyance executed in favor of the provisions of the bankrupt law. After an attentive examination of the question, the Court decided in favor of the jurisdiction. *Peiper* v. *Harmer*, (5 N. B. Reg. 252,) maintains that State Courts have jurisdiction of an action by the assignee on a cause which accrued to the bankrupt. (*In re Central Bank*, 6 N. B. R. 207.)   Injunction applied for to restrain assignee from bringing suit in State Court, to recover from a creditor the amount of a preferred debt paid in violation of the bankrupt law, on the ground that such Court had no jurisdiction. Denied, on the ground that the Court "never supposed the effect of the Bankrupt Act to be to oust the jurisdiction of the State Courts."

It has been decided in several cases that suits by the assignee cannot be brought in any other Federal Court than that having jurisdiction in the District where the proceedings in bankruptcy were commenced. (*Payson* v. *Dietz*, 8 N. B. R. 193; *Sherman* v. *Bingham*, 5 N. B. R. 34; *Jobbin* v. *Montague*, 6 N. B. R. 509; *Paine* v. *Caldwell*, 6 N. B. R. 562; *in re Richardson*, 2. N. B. R. 74; *Markson* v. *Heaney*, 4 N. B. R. 165.) It is true that decisions may be found, asserting that, in such case, any United States District Court has jurisdiction; but the weight of authority is decidedly the other way. No doubt a State Court would have jurisdiction of an action of trover brought by a foreign assignee in bankruptcy, (*Bird* v. *Caritat*, 2 J. R. 344; *Milne* v. *Moreton*, 6 Binney, 374; *Goodwin* v. *Jones*, 3 Mass. 517,) although the foreign Bankruptcy Court might have exclusive jurisdiction of all proceedings in respect to the fiat in bankruptcy, the discovery and distribution of the bankrupt's assets, and the operation of the law on the bankrupt personally. So of an action brought by an assignee, deriving title through the insolvent law of a sister State, which provides that a certain Court in that State should have exclusive jurisdiction in all matters of insolvency. It would be a strange anomaly to concede such jurisdiction in the

case of foreign assignees, and deny it in the case of an assignee appointed under the Act of Congress.

By the Court, CROCKETT, J.:

The demurrer to the complaint was properly overruled. The statement in the complaint that the plaintiff is assignee in bankruptcy of Reinstein & Mamlock, may be treated as surplusage, or at most as *descriptio personæ*, and may be disregarded without impairing the sufficiency of the complaint. Nor did the Court err in denying the motion for a nonsuit on the plaintiff's opening statement. Under the general averment in the complaint, that " the plaintiff was possessed as of his own property" of the goods and chattels enumerated, he was entitled to show by proof that he had acquired the title by means of the proceedings in bankruptcy. These were probative facts, not necessary to be averred in the complaint. The ultimate fact to be proved, and which was averred, was that the title was in the plaintiff, and it was unnecessary to state in the complaint how he acquired it. In suits by or against executors or administrators, their representative character must be averred in pleading, as was held in *Halleck* v. *Mixer* (16 Cal. 474), and *Barfield* v. *Price* (40 Cal. 535), for their right to sue and be sued, results by operation of law from the relation which they occupy toward the estate; and this relation must be averred, and proved if denied. But in proceedings in bankruptcy, the legal title vests in the assignee under the assignment. Whatever right the bankrupt had is assigned to and vests in the assignee, who thereby becomes, for the purpose of maintaining or defending suits, "possessed as of his own property" of the estate assigned to him. It is true he holds the title and the property when recovered in trust for certain purposes specified in the statute. But as between him and a stranger he holds the title, and may assert it in the same form of action as though he owned the fee. This view of the law disposes also of the objection to the introduction in evidence of the proceedings in bankruptcy. If it was unnecessary to set them out in the com-

plaint, it was, of course, competent to prove them without the averment. ( Nor was it necessary to prove all the steps in the proceeding, inasmuch as section fourteen of the bankrupt law provides that a copy of the assignment shall be conclusive evidence of the assignee's title, and in this case a copy of the assignment was put in evidence. /

The objections made to the depositions offered by the plaintiff are untenable.

Section five hundred and seventeen of the Practice Act authorizes the Court to shorten the time whenever "a written notice of a motion is necessary;" and under section four hundred and thirty-three a written notice is necessary of an application for a commission to take the deposition of a witness in another State. The order to show cause and the issuing of the commission were equivalent to an order shortening the time, and dispensed with the necessity of any other or further notice. The objection that it does not appear on the face of the commission that the person to whom it was addressed was a Judge or Justice of the Peace is frivolous. The presumption is, that on granting the commission, the Court, or officer who ordered it, performed his duty and directed it to a person who was qualified to execute it. Furthermore, the return to the commission shows that the person to whom it was directed, and who executed it, was a District Judge.

We deem it unnecessary to notice the other points discussed by counsel.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.

The foregoing opinion was delivered at the April term, 1873, and a rehearing having been granted, the following opinion was delivered at the July term, 1874.

By the Court, CROCKETT, J.:

The argument on the rehearing has not convinced us that our former opinion ought to be modified. But the point is

now made for the first time on the appeal, that a State Court had no jurisdiction of the action, and that the plaintiff's remedy was by some appropriate proceeding in the United States District Court. The authorities are not uniform on the question whether an assignee in bankruptcy can maintain an action in a State Court to recover property disposed of by the bankrupt, in fraud of the Bankrupt Law. But we think the weight of authority, and supported by the better reasoning, maintains the jurisdiction of the State Courts, in that class of cases when the nature of the action is such that the proper relief can be administered in that forum. In this case, the action is trover in the usual form, and the judgment is for damages. The Court was competent to afford the necessary relief in an action of that nature, and properly entertained jurisdiction of the cause. We deem it unnecessary to review the authorities on this point, but the question was expressly decided and the authorities collated, in the recent case of *Gilbert* v. *Priest*, 63 Barb. 339 (Nat. Bankruptcy Reg. 161). The reasoning in that case, in support of the jurisdiction of the State Courts, appears to us not only to be conclusive, but to be in consonance with the weight of authority.

Judgment and order affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.