(30 Misc. Rep. 293.)

### TAMS et al. v. WITMARK et al.

(Supreme Court, Special Term, New York County. January, 1900.)

1. LITERARY PROPERTY—ASSIGNMENT—PLEADING.

　　A complaint in action to recover for infringements of plaintiffs' right to an operetta alleged the sole original ownership in the composer, and that plaintiffs acquired and became the exclusive owners of the right to produce and perform the said operetta in the United States, and the exclusive owners of said operetta. *Held* not demurrable, as not alleging how plaintiffs acquired title, but that the allegations of ownership are sufficient.

2. SAME—GUARANTY—PLEADING.

　　Plaintiffs, in an action to recover for infringement of its exclusive right to produce and perform an operetta, alleged that defendants wrongfully rented and furnished copies of the operetta, which were given in performances, against the protest of plaintiffs, and in violation of their rights, under a guaranty by defendants to save harmless the persons to whom they rented from all claims and damages to plaintiffs. *Held*, the complaint charges a cause of action against defendants independent of the allegations concerning the guaranty, and hence is not demurrable, though it does not charge any liability by reason of the guaranty.

Action by Arthur W. Tams and others against Marcus Witmark and others. Defendants demurred to plaintiffs' complaint. Demurrer overruled.

Benno Loewy, for demurrer.

Fromme Bros., opposed.

LEVENTRITT, J. The defendants demur to the complaint in an action brought to recover damages for the infringement of plaintiffs' property rights in a certain operetta composed by Johann Strauss, and known as "The Queen's Lace Handkerchief." The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action, and the chief defect urged is an insufficient allegation of title. After setting forth the original sole ownership in the composer, the plaintiffs allege that they "duly acquired and became the exclusive owners of the right to produce

and perform the said operetta in the United States of America, and the exclusive owners of said operetta, and .of the whole thereof, including the words, music, libretto, manuscript, score, stage directions, title, and name of all performing rights and rights of production thereof, and the right of leasing and vending the same throughout the United States of America." The defendants claim that, by reason of the allegation of prior ownership in Strauss, it was incumbent on the plaintiffs to specify how they derived title, whether by purchase, operation of law, or otherwise.

This criticism, sound, perhaps, to support a motion for a bill of particulars, has no force on demurrer. The literary property here in suit is personal property, and is governed by the same rules of transfer as other personal property. Palmer v. De Witt, 47 N. Y. 532. As such, it is sufficient to allege that the plaintiffs are the owners of the operetta, score, words, music, libretto, or to allege that these are the property of the plaintiffs. Phillips, Code Pl. § 325; Bliss, Code Pl. § 229; Dambmann v. White, 48 Cal. 439. In this case the allegation of ownership is one of fact, not a conclusion of law (Caspar v. O'Brien, 15 Abb. Prac. [N. S.] 402), and would have sufficed, in the absence of an averment of prior ownership in Johann Strauss. Setting out that original title does not convert the declaration of the acquired title into a conclusion of law, but it remains a statement of fact sufficient to admit of proof by the plaintiffs as to how they acquired the property. The authorities cited by the defendants have reference to choses in action where a different rule as to allegation of title prevails. There the transfer must be alleged, as otherwise the title and the right of recovery would appear not to be in the plaintiff. Phillips, Code Pl. § 325; Thomas v. Desmond, 12 How. Prac. 321.

The defendants also assail the sufficiency of the allegations with reference to the wrong committed. After pleading that the defendants did "wrongfully rent and furnish and deliver to sundry persons, societies, and corporations, for production and performance, * * * a copy or copies of the said operetta," etc., which were used in performances given against the protest of the plaintiffs and in violation of their rights, they add the words, "under the guaranty of these defendants to save harmless the said societies, persons, and corporations from all claims and damages of plaintiffs." The defendants urge that this allegation is insufficient to charge them as tort feasors, under the guaranty. Their liability as such, however, is independent of the alleged guaranty, and this part of the pleadings may be disregarded, as the other act charged would, if proved, make the defendants answerable in damages to the plaintiffs. The demurrer must be overruled, with leave, however, to the defendants to answer upon payment of costs.

Demurrer overruled, with leave to answer upon payment of costs.