[Civ. No. 6360. First Appellate District, Division Two.—April 24, 1928.]

CELINE CASSOU, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

George D. Collins, Jr., for Petitioner.

Daniel A. Ryan for Respondents.

KOFORD, P. J.—This is an original application for a writ of *mandamus* to compel the respondent to issue a commission to take a deposition in a foreign state upon written interrogatories instead of upon oral interrogatories as ordered by the court. The petitioner is plaintiff in a divorce action pending in said Superior Court. She gave to the defendant in that action five days' written notice of motion to take the deposition of a witness in the state of Illinois upon written interrogatories. The verified petition filed in this court stated: ''That thereafter and on the hearing of the petitioner's motion in said action for the issuance of the said commission upon said written interrogatories, the said defendant did not propose any cross-interrogatories, but instead and without giving your petitioner three days' notice in writing or any other notice of his election so to do, applied to said superior court . . . for an order directing that said deposition be taken on interrogatories to be propounded to the witness orally.'' The court over the objection of the petitioner ordered the deposition to be taken on oral interrogatories. The objections which the court thus overruled,

besides specifying the inconvenience of taking the deposition orally, specified that the defendant had not given petitioner three days' notice of his election to have the deposition taken orally in accordance with section 2025½ of the Code of Civil Procedure.

The answer of respondent filed on the return date of the alternative writ issued herein set up the fact that the petitioner was in fact given notice by the defendant in said action of his motion to have the said deposition taken orally. A certified copy of said notice of motion was filed in this court on the argument. The notice was served one day before the day to which the hearing of petitioner's original motion had been continued and the notice was accompanied by an order of said Superior Court shortening the time for the service of the same to one day.

It is now the contention of the petitioner that defendant's one-day notice was ineffectual to give the court power to order the deposition to be taken orally. Petitioner contends that the case is governed by the provisions of section 2025½ of the Code of Civil Procedure, wherein is found the following expression: "(Or where notice shall have been given that a commission to take the testimony of a nonresident witness will be applied for, the opposite party, upon giving the other three days' notice in writing of his election so to do), may have a commission . . . orally." Petitioner recognizes a conflict, as he must, between this section and section 2025 of the Code of Civil Procedure. That section provides the method of obtaining a commission to take the deposition of a nonresident witness upon written interrogatories and concludes with the following expression: "When the parties agree to that mode, or the court on the application of either party, after a hearing had upon two days' notice to the opposite party, so directs, the examination must be without written interrogatories." Petitioner in attempting to reconcile these two sections claims that the three days' notice provision of section 2025½ is applicable exclusively to where the proceedings to obtain a commission for a deposition is inaugurated by a notice of motion to take the same upon written interrogatories. She contends that the two days' notice of motion mentioned in section 2025 is applicable only where the proceedings are inaugurated by a notice to take an oral deposition. With this we cannot agree. If the original

notice specified oral interrogatories there would be no need for the opposing party to give two days' notice that he also wished the deposition to be taken orally. If petitioner means to contend that a proceeding for an oral deposition may be commenced by giving only a two days' notice under section 2025 of the Code of Civil Procedure, that construction would conflict with section 2024 of the Code of Civil Procedure which requires five days' notice of motion for a commission to take a deposition of a nonresident witness and which last-named section, in the absence of any words of limitation, applies both to oral and written depositions.

This contention, however, does not seem to us to be very material in this proceeding, for, aside from the difference between two and three days, we can see little difference between the language of section 2025½ of the Code of Civil Procedure prescribing three days' notice of election and the language of section 2025—"after a hearing had upon two days' notice to the opposite party." In this case the defendant gave neither a three days' nor a two days' notice but only a one day's notice together with an order shortening time to one day.

The only point involved in this proceeding, therefore, is whether the Superior Court has power to shorten the time of the notice which the opposite party is required to give in case he wishes to have the deposition taken orally, whether it be two days or three days. No authorities are cited on this point, but no reason has been suggested, and we can think of none, why the provisions of section 1005 of the Code of Civil Procedure do not give the court the power to prescribe a shorter time. This section deals with all written notices of motion. It prescribes the time in which notices must be given and concludes with the expression, "but in all cases the court, or a judge thereof, may prescribe a shorter time." It has been held that the required five days' notice of motion to take a deposition may be shortened by an order of court. (*Dambmann* v. *White,* 48 Cal. 439 at 451.) If this five days' time may be shortened by an order of court then it must necessarily follow that the two or three days' time which is given the opposite party to make a counter-motion can also be shortened. Normally and in general these two or three days are embraced within the five days following the original notice of motion to take a deposition. If the five days is con-

siderably shortened by an order of court, in many cases there would not be sufficient time left for the opposite party to give the two or three days' notice of his counter-motion.

We see no force to petitioner's claim that the opposite party must make an election before the date specified in the original notice of motion. Neither section 2025 nor section 2025½ of the Code of Civil Procedure contains any language which could create such a strict limitation. They simply require either a two days' or three days' notice and do not specify in any way that it cannot be given after the date specified in the original notice of motion if that motion is continued for hearing by the court to another day.

We conclude that the trial court was not without power to order the deposition to be taken upon oral interrogatories and that it had the power to decide upon the hearing according to the evidence and its sound discretion whether written or oral interrogatories should be used in the taking of the deposition.

A peremptory writ of mandate is, therefore, denied and the proceeding dismissed.

Sturtevant, J., and Nourse, J., concurred.