[Civ. No. 5878. Second Appellate District, Division Two.—July 18, 1930.]

H. G. B. ALEXANDER & COMPANY (a Corporation) et al., Respondents, v. H. D. MARTZ, Appellant.

Cooper & Collings for Appellant.

Elbert E. Hensley for Respondents.

CRAIG, J.—The respondents purchased from one James Paul a Chrysler automobile of a specified description by serial and motor numbers, for which they instituted this action in replevin against appellant, and took from his possession a Chrysler car bearing different numbers. The defendant by a cross-complaint alleged that he had purchased from one H. B. Washburn the car last mentioned, and that it had passed through the hands of numerous persons and firms named. All of the parties were joined as cross-defendants, from whom damages were demanded upon the ground that appellant was an innocent purchaser for value, and had been defrauded. Judgment was rendered in favor of the plaintiffs, and the defendant appealed therefrom and from an order denying a new trial. The appeal from said order must be dismissed. (*Estate of Siemers*, 202 Cal. 424 [261 Pac. 298].)

As grounds for reversal it is asserted that certain depositions were erroneously received in evidence and that the findings of fact and judgment are not supported by the evidence.

 A motion upon five days' notice was presented for an order shortening the time within which to serve a notice of intention to take depositions upon oral interrogatories

outside of the state. As a result of such motion it was ordered that notice "shall have been made upon the defendants herein not later than the first day of March, 1927," or a period of time less than that prescribed by section 2025½ of the Code of Civil Procedure. This latter order is assigned as error requiring the exclusion of the depositions, and it is argued, but with the citation of no authority, that said section does not permit the shortening of time for proceedings therein mentioned. Section 1005 of the Code of Civil Procedure, relating to motions in general, provides that "in all cases the court, or a judge thereof, may prescribe a shorter time." The obvious purpose of notice in such cases is to enable the opposite party to prepare for and to appear in person or by counsel at the time and place designated by the commission. Appellant does not suggest nor do we think that a stipulation or appearance and cross-examination at variance in this respect with the provisions of the statute would be fatal to its object or prejudicial. The same sections have previously received a construction which recognized the scope of section 1005 as embracing section 2024 et seq. (*Cassou* v. *Superior Court,* 91 Cal. App. 242 [266 Pac. 990].) It was also recited in the order denying a new trial that it had been stipulated that neither the defendant nor his counsel "desired or intended to personally appear or be represented at the taking of the said depositions." Since error, if any, committed in this respect could not have prejudiced the rights of the defendant, the order shortening time did not require exclusion of the depositions, nor is it a ground requiring a reversal of the judgment.

From the testimony of insurance adjusters and federal, state and county officers, as well as that of Paul and one Ernest E. Follin, it appears that Paul had purchased a 1925 model Chrysler automobile which subsequently was stolen, and that pursuant to an adjustment of his insurance thereon he conveyed his title to the respondents in this action. The Chrysler machine found in appellant's possession bore fictitious numbers upon the body, rear axle and motor which, by a system termed by the witnesses as "processing" were shown to have been placed over the original numbers. It had been registered in California in the name of Bert M. Lourie, and had prior to its purchase by appel-

lant been possessed and transferred by eight others, without indorsement · of the ownership certificate. Lourie, also known as Durkin, was a fugitive from justice for an offense committed in Chicago, the residence of both Paul and Follin. The original numbers revealed by processing proved to be· those of the car which had been stolen and those appearing upon other parts of the machine compared favorably with the records at the factory of Paul's stolen machine. The superficial numbers under which it had been registered in this state were identical with the true numbers on a Chrysler car of an earlier or 1924 manufacture, and which by factory records of identification was found to have been owned by and in the possession of Follin, in Chicago, during the time that appellant· had possession of the Chrysler car here in controversy, although no two Chrysler machines had been similarly numbered by the builders. The foregoing evidence is not contradicted, and we think the proof that the Chrysler automobile in suit was that which had been stolen and the title to which had been conveyed to respondents was conclusive. The only evidence offerd by appllant tended to show that he purchased the car; that it had been registered by Lourie in California by numbers that were shown to be false, and that he procured its registration·in this state. It is argued from this that "under the case of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], defendant is the owner of the car." In the cited case, however, it appeared that of two adverse claimants as purchasers from the owner the first had negligently permitted the vendor to retain the certificate of registration, and the automobile, both of which were subsequently transferred by the vendor to Franciscus and legally registered to him by the true numbers. Laches is not asserted in the instant case, nor do we think the evidence tended to justify such assertion. That it did warrant findings that respondents purchased the 1925 Chrysler automobile from the rightful owner, although it was fraudulently renumbered and fraudulently registered and had repeatedly been illegally transferred without indorsement of the registration certificate, is not denied.

The appeal from the order denying a new trial is dismissed, and the judgment is affirmed.

Works, P. J., and Gates, J., *pro tem.,* concurred.