REYNOLDS v. LATHROP.

A purchaser of land at sheriff's sale, can maintain an action for rent against the tenant-in-possession under the judgment-debtor, before the expiration of the six months allowed for redemption, and as often as the rent becomes due under the terms of the lease existing when he purchased.

The sale operates as an assignment of the lease for the time.

As to whether the words "tenant-in-possession" would include the judgment-debtor in a case where he was in possession at the time of the sale, so as to make him responsible for use and occupation, *quœre?*

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiff was a purchaser of certain premises at sheriff's sale. At the time of purchase, the defendant was a tenant of the judgment-debtor, at a monthly rent of one hundred dollars. The defendant had express notice of plaintiff's purchase, but still paid the rent to the judgment-debtor. The plaintiff sued for the rent before the expiration of the six months allowed for redemption. The Court below decided that the suit was prematurely brought, and the plaintiff appealed to this Court.

*Stephen J. Field* for Appellant.

This action was brought by the purchaser to recover the monthly rent of the premises occupied by the defendant, under § 236 of the Practice Act, which is as follows:

§ 236. The purchaser from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, shall be entitled to receive from the tenant-in-possession, the rents of the property sold, or the value of the use and occupation thereof.

The Court below held that a judgment-debtor is entitled to collect the rents of his property, sold at a sheriff's sale, from a tenant-in-possession until the expiration of the time allowed by law for redemption; and that a purchaser cannot maintain an action for such rents, until after the lapse of six months from the date of sale. As a necessary consequence from this, it follows that the purchaser must look, not the tenant, but to the debtor, for such rents.

The ruling of the Court below is clearly erroneous; it is in violation of the express language of the statute, and destroys its very object. Middleton v. Abel Guy, 5 Cal. R.

By our statute, a purchaser of real estate at a sheriff's sale, is not at once put into possession. He must wait six months; and if, during this period, the judgment-debtor chooses to redeem, he can do so by paying the purchase-money, and eighteen per cent. besides; but in the meantime, the purchaser receives the rents

of the premises sold, which are held, not by the debtor, but by tenants of his. This last provision was inserted in the statute really for the benefit of the debtor—to increase the amount of bids upon a sale.

It is seldom that the real estate of a party is sold at a sheriff's sale, unless he is in a state of insolvency; and it would be a singular law that would allow the insolvent to collect rents, to which the purchaser is entitled, and to turn such purchaser over to his action against the insolvent. It would, too, be a singular law which should say, a party is entitled to receive from a tenant-in-possession, the rents, etc., and yet is not entitled to collect them, either with or without suit.

*C. H. Bryan* for Respondent.

Two questions are presented by the case, and two only :

1. Is a purchaser of land at judicial sale, before the time of redemption has expired, enabled to bring suit for the rents during the six months?

2. The landlord having possession during the six months allowed to redeem, can his tenant, who has fully paid him the rent during the six months, be sued by the purchaser, and compelled to pay it over again?

Upon the first proposition, an examination of the act, and the decisions of this Court, are conclusive. See Comp. Laws, § 235, p. 563.

This section plainly contemplates an adverse possession to the purchaser during the six months allowed for redemption. This Court has, in passing upon the same, thus construed it. Middleton et al. *v.* Abel Guy, 5 Cal., Oct. Term, 1855.

To hold that the action could be brought when it was, we are compelled to say, that a person, under our redemption law, who has been treated as the owner, and who has a right to the use and occupation of property during the period allowed for redemption, is yet liable to the purchaser during the six months for the same use and occupation guarantied to him by law.

1. Lathrop, the respondent and the tenant, occupies the same position in the case as his landlord would. The law continuing the owner in possession, adversely to the purchaser, during the six months—the lessee Lathrop, the respondent, can, during that period, acknowledge no other landlord, and he is protected in paying over the rents to the owner as they fall due.

2. But if this Court desires to go further, and give a full construction to the various sections of the act quoted, I may be indulged in a further examination of the same.

Counsel for appellant relies upon the two hundred and thirty-sixth section of the Comp. Laws, 563, as authority for bringing this action.

Now, it is most clear, that by that section the purchaser is en-

titled to the rents from the tenant-in-possession, up to the time of redemption, provided the owner, who is rightfully in possession with his tenant, has not already collected them.

If the owner, during the six months, has collected under the lease, as in this case, then, I take it, the remedy of the purchaser is against the owner.

It is clear and undoubted that the judgment-debtor is, in contemplation of law, the owner of the property during the six months allowed for redemption, and that he has a right to its use and occupation.

Now, that a tenant is not permitted to dispute his landlord's title, is a maxim of the law. The landlord is in possession, and has the right to be in possession, and the tenant pays him whilst in such rightful possession of his property.

No deed issues to the purchaser until six months have expired. The deed only issues when it is ascertained that the debtor does not redeem. Who, then, is the owner of the real property sold?

The title is never suspended, it is somewhere, and not in the purchaser, until he can claim his deed. Where is it then, during the six months, but in the debtor, who has always owned it?

Section two hundred and thirty-six, relied upon by counsel for appellant, read thus:

"The purchaser, etc., shall be entitled to receive from the tenant-in-possession, the rents of the property sold, or the value of the use and occupation thereof."

An analysis of this section would permit this construction, and this seems to have been the intention of the Legislature : That the rents being unpaid by the tenant, and the property not being redeemed, and the purchaser having obtained his deed, he could collect of the tenant, in that case, for the interim of six months.

He can receive when the owner has not received, but when it has occurred that the owner has received, (as in this case,) as he has always received, before the sale, it seems plain to me that he should be treated as having received for the benefit of the purchaser, and the remedy of the purchaser is for the use and occupation after the expiration of the six months, and after he had obtained a deed which would authorize him to sue over against the landlord and judgment-debtor in possession.

Adopting the construction given to the different sections of this act by the appellant's counsel, and you have the tenant in this position : he must pay the judgment-debtor in possession, or he will terminate the lease, throw him out, and break up his business. But if he does pay him, in order to retain possession under his lease, then he must pay the purchaser over again, and be broken up in that way.

The remedy of the appellant is clearly against the landlord and debtor, after the expiration of six months, for money had

4

and received, if he have any remedy at all, for rents paid during the six months to the legal owner in possession.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., and TERRY, J., concurring.

The only question presented, regards the construction of the two hundred and thirty-sixth section of the Practice Act. In the case of Middleton v. Guy, this Court decided, that the purchaser could not obtain possession of the premises from the judgment-debtor, until the expiration of the time allowed for a redemption. There is nothing in that decision, however, that affects the present case.

That the purchaser is entitled to the rents from the sale, is not disputed, but it is insisted—First, that his remedy is against the judgment-debtor; and—Second, that conceding the tenant may be sued by the purchaser, no suit can be brought until the time for redemption expires.

As to the question, whether the words "tenant-in-possession," would include the judgment-debtor, in a case where he has possession at the time of sale, so as to make him responsible for use and occupation, it is unnecessary to determine. But we think it clear, that Lathrop was responsible to the plaintiff for the rents, in the way he would have been to the judgment-debtor had no sale have been made, and that, consequently, the plaintiff could sue for the rent, as often as it fell due, under the terms of lease existing when he became purchaser. The effect of the sale was equivalent to an assignment of the lease for the time.

The judgment of the District Court is therefore reversed, and that Court will enter judgment for the plaintiff, in accordance with this opinion.