CHARLES F. WEBSTER, APPELLANT, *v.* ELISHA COOK, RESPONDENT.

APPEAL—TIME FOR TAKING FROM A JUDGMENT ON DEMURRER.—The time for an appeal from a judgment commences to run from the rendition of the judgment, and not from the time of sustaining the demurrer to the complaint.

PLEADING.—The averment in a complaint, by a purchaser at a Sheriff's sale of a tract of land, against the tenant in possession, for rents accruing during the period allowed for redemption, that "the money paid and agreed to be paid by the defendant to the defendant in the execution, as the rental of the premises, was $150 per month, payable monthly," and that "payment had been demanded and refused," is a sufficient allegation that rent is due.

IDEM—INTERPRETATION OF.—The allegation that the rent was "payable monthly," is not an averment that it was payable in advance.

OCCUPATION OF LAND DURING THE PERIOD OF REDEMPTION.—The occupation of the premises from the time of the Sheriff's sale to the execution of the Sheriff's deed renders the tenant *prima facie* liable to the purchaser for the rent.

IDEM—PAYMENT BY THE TENANT IN ADVANCE.—If the rent was paid in advance, that is a matter of defense, and should be set up by the defendant in avoidance of his *prima facie* liability to the purchaser for rent.

IDEM.—If the tenant in possession pay the rent in advance to the defendant in the execution after the sale, it will not relieve him from the liability cast upon him by the statute to pay the rent to the purchaser.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The defendant sets forth the following causes of demurrer to the complaint:

*First*—The complaint does not set forth facts sufficient to constitute a cause of action.

*Second*—The complaint alleges that rentals *paid* and agreed to be paid was $150, payable monthly, thus averring that such rents had been paid, as well as agreed to be paid.

*Third*—There is no allegation that any rent is due by the defendant under his lease from Cowing; the only allegation is the value of the premises, and what was to be paid.

The order sustaining the demurrer was entered on the 27th of April, 1867, and final judgment for defendant was rendered on the 22d day of August, 1868.

On the 2d day of November, 1868, notice of appeal from the judgment was given and filed.

The other facts in the case are stated in the opinion.

*Leonard S. Clark*, for Appellant.

*Elisha Cook*, in *pro. per.*, for Respondent.

RHODES, J., delivered the opinion of the Court:

The time for an appeal from a judgment commences to run from the rendition of the judgment, and not from the order sustaining the demurrer to the complaint. The appeal in this case was taken within a year from the time of the rendition of the judgment, and was within time. (Practice Act, Sec. 336.)

It is provided by Section 236 of the Practice Act, that "the purchaser, from the time of the sale until a redemption, * * * shall be entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof," and the question is, whether

the complaint states facts sufficient to entitle him to a recovery under this section. The defect specified by the defendant is, that the complaint does not state that any sum was due to the plaintiff for rent. One of the allegations of the complaint is as follows: "And plaintiff says that he is informed and believes, and therefore alleges, that the sums of money paid, and agreed to be paid, by the said defendant to said Cowing [one of the execution defendants], as the rental of said premises, while said defendant so held and occupied the same from said Cowing as his tenant as aforesaid, was the sum of $150 per month, payable monthly." It is also alleged, that the plaintiff demanded of the defendant the rent of the premises for the time he occupied them after the Sheriff's sale, and that the defendant refused, and still refuses, to pay the same. The occupation of the premises by the defendant from the time of the Sheriff's sale up to the execution of the Sheriff's deed rendered him *prima facie* liable to the plaintiff for the rent during that period ; and if the plaintiff has demanded of the defendant the payment of such rent, and the defendant has failed to pay the same, or any part of it, such rent is still due to the plaintiff. The allegation of those facts, together with the other facts stated in the complaint in respect to the judgment, sale, etc., shows a good cause of action against the defendant for the recovery of the rent. (*Harris* v. *Reynolds*, 13 Cal. 516; *Henry* v. *Evarts*, 30 Cal. 525; *Page* v. *Rogers*, 31 Cal. 294.)

The defendant contends that the plaintiff has not averred that the defendant did not pay the rent to Cowing in advance. If it is the fact that the rent was paid in advance, that is a matter of defense, and should be set up by the defendant in avoidance of his *prima facie* liability to the plaintiff for the rent. The plaintiff is not required to anticipate a possible defense and negative it in advance. We would not be understood as holding that a payment in advance would relieve the defendant of his liability, unless it was made before the lien of the judgment attached to the premises. The allegation that the rent was "payable monthly" is not an averment that it was payable in advance.

The language of the averment we have cited, "that the sums of money *paid and agreed to be paid* by said defendant to said Cowing," is not necessarily to be construed as meaning that the money was paid in advance ; and that construction would be inconsistent with another portion of the averment—that the rent was payable monthly. There is no allegation of a tenancy of the defendant anterior to the sale, and if he, in fact, paid the rent in advance to Cowing after the sale, it would not relieve him of the liability cast upon him by the statute, to pay the rent to the plaintiff.

Judgment reversed, and cause remanded with directions to overrule the demurrer.