[No. 9720. Department Two.—January 25, 1887.]

THOMAS WALKER, RESPONDENT, *v.* TILLATHA C. McCUSKER, APPELLANT.

EXECUTION SALE — TENANT IN POSSESSION — LIABILITY OF FOR RENTS AND PROFITS AFTER SALE — REDEMPTION.— Under section 707 of the Code of Civil Procedure, the purchaser of real property at an execution sale from the time of sale until a redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. This right is not limited to cases

where there is a redemption. It begins at the time of the purchase, and continues until a redemption is made, or if there be no redemption, then until the time allowed for redemption has expired.

ID. — FORECLOSURE SALE — PARTY IN POSSESSION — USE AND OCCUPATION — ASSUMPSIT. — Where real property is sold at a foreclosure sale, a party to the foreclosure suit who thereafter remains in its possession, under a claim of title which is subject to the mortgage, is a "tenant in possession," within the meaning of section 707 of the Code of Civil Procedure, and liable as such to account to the purchaser in an action in *assumpsit* for the value of the use and occupation.

ID. — PURCHASE FOR BENEFIT OF ANOTHER — TRUSTEE OF EXPRESS TRUST. — A purchaser of real property at an execution sale, who receives the certificate of sale and the sheriff's deed in his own name, but in reality for the benefit of another, is a trustee of an express trust, and as such may maintain an action against the tenant in possession for the value of the use and occupation, without joining the person for whose benefit the purchase was made.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion.

*Laine & Johnston,* and *N. A. Dorn,* for Appellant.

*A. S. Kittredge,* for Respondent.

BELCHER, C. C. — Franklin McCusker executed a mortgage upon certain real property to the Bank of Watsonville. The money being unpaid, the bank foreclosed its mortgage, making the defendant a party to the action, and under the decree obtained, caused the mortgaged property to be sold. The plaintiff was the purchaser at the sale, and in due time obtained a sheriff's deed. The purchase was, however, not made for himself, but at the request and for the sole use and benefit of the bank. At the time of the sale, defendant was the owner in fee and in possession of the property, and she retained the exclusive possession of it until the sheriff's deed was executed.

This action was commenced to recover from the defendant, as tenant in possession, the value of the use and occupation of the property from the time of the sale

until the expiration of the time allowed for redemption. In the court below the plaintiff recovered judgment, and from that judgment the defendent has appealed.

1. In this state the purchaser of real property at a sheriff's sale from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. (Code Civ. Proc., sec. 707.) This right on the part of the purchaser to receive the rents and profits, or value of the use and occupation of the property sold, is not limited to cases where there has been a redemption. It begins at the time of the purchase, and continues until a redemption is made, or, if there be no redemption, then until the time allowed for redemption has expired. Several cases of this character have been maintained in this court where there had been no redemption of the property. (*Reynolds* v. *Lathrop,* 7 Cal. 43; *McDevitt* v. *Sullivan,* 8 Cal. 592; *Harris* v. *Reynolds,* 13 Cal. 514; S. C., 73 Am. Dec. 600; *Hill* v. *Taylor,* 22 Cal. 191; *Webster* v. *Cook,* 38 Cal. 423.)

2. In *Page* v. *Rogers,* 31 Cal. 293, it was held that, during the period which elapses between the sale of land on execution and the expiration of the time for redemption, the statute regards the purchaser as the owner in equity of the land, subject only to the right of redemption, and gives him the rents and profits, or the value of the use and occupation,—in short, the entire beneficial interest, except the actual possession.

In *Harris* v. *Reynolds, supra,* it is said: "The phrase 'the tenant in possession' is a generic term, intended to designate the class of persons from whom the purchaser was to receive the rents. The language is not that, when a tenant of the debtor is in possession, the tenant shall pay the purchaser, or that the debtor, when in possession, shall not, but the phraseology designed evidently

to fix a general right, applying to all cases of tenancy, for none are excluded." And in that case it was held that a judgment debtor was a tenant in possession, and required to pay the rents and profits to the purchaser; the court further saying: "The owner in fee in possession is no less, in legal contemplation, a tenant, than the man who occupies under him. The definition of tenant is: 'One that holds or possesses lands or tenements by any kind of title, either in fee, for life, years, or at will.'"

It has also been held that the mortgagee of the judgment debtor, the trustee and his successor in interest under a trust deed from the judgment debtor, and the administrator of the estate of the judgment debtor, when they were in possession after a sheriff's sale, were tenants in possession, and liable to the purchaser for the rents and profits, or value of the use and occupation of the property. (*Knight* v. *Truett*, 18 Cal. 113; *Shores* v. *Scott River Co.*, 21 Cal. 135; *Walls* v. *Walker*, 37 Cal. 425.)

In this case it does not appear when or from whom the defendant obtained the title to the mortgaged property; but as she was a party to the action of foreclosure, it was conclusively determined by the judgment that she held the title subject to the payment of the mortgage debt. After his purchase, the plaintiff was the owner in equity; and thereafter, subject to her right of redemption, she held the title for him. Holding, then, the legal title for plaintiff, and having the exclusive possession, she was, within the meaning of those words as used in the statute, the "tenant in possession" of the property, and liable to account to plaintiff for the value of its use and occupation.

But it is said there was no contract relation between the parties, and the defendant, if liable at all, was liable as a trespasser, and should have been sued as such, and not in *assumpsit*. The answer is, that the defendant was

not a trespasser in any sense. She was rightfully in possession, and could not be treated as a tort-feasor. Her liability is statutory, and the law implies a promise on her part to comply with its requirements. It is true, the action for use and occupation is founded on privity of contract, but it will lie as well upon an implied as upon an express contract. (*Osgood* v. *Dewey*, 13 Johns. 240; *Stockett* v. *Watkins*, 2 Gill & J. 326; S. C., 20 Am. Dec. 438.)

3. It is further argued for the appellant that plaintiff is not the real party in interest, and no facts are stated in the complaint showing him to be the trustee of an express trust, and therefore his action cannot be maintained. We think the complaint sufficient, and the action properly brought. A trustee of an express trust is a person with whom, or in whose name, a contract is made for the benefit of another, and he is authorized to sue without joining with him the persons for whose benefit the action is prosecuted. (Code Civ. Proc., sec. 369.)

The plaintiff bid in the property, and received the certificate of sale and sheriff's deed in his own name, and thereby became the purchaser. As between him and the bank, he was a trustee of an express trust, but that fact did not concern the defendant. As to her, he was the real party in interest, and might sue without alleging or proving his trusteeship. It has been so held in several analogous cases. (*Corcoran* v. *Doll*, 32 Cal. 90; *Walsh* v. *Soule*, 66 Cal. 443; *Lewis* v. *Adams*, 70 Cal. 403; *Hoagland* v. *Trask*, 48 N. Y. 686; and see Pomeroy on Remedies, secs. 175–178.)

It follows that the judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.