Decided 30 June, 1902.

**UNITED STATES MORTGAGE CO. v. WILLIS.**

[69 Pac. 266.]

| 41 | 481 |
| 42 | 534 |

RIGHT OF PURCHASER OF LEASED PREMISES TO THE RENT.

1. Under Section 307 of Hill's Ann. Laws, providing that a purchaser of land at a judicial or execution sale, from the day of sale until a resale or redemption shall be entitled to the possession, unless the same be in the possession of a tenant holding under an unexpired lease, in which case he shall be "entitled to receive from the tenants the rents, or the value of the use and occupation thereof, during the same period," a tenant of land sold on foreclosure who is holding under an unexpired lease made by the owner of the property subsequent to the mortgage, must pay to the purchaser thereof, whether the mortgagee or not, the rent, or the value of the use and occupation of the premises, from the day of sale, notwithstanding, in accordance with his lease, he has paid the rent in advance to his lessor.

ALLOWANCE OF COSTS.

2. Under Hill's Ann. Laws, § 549, subd. 5, allowing plaintiff costs in actions not elsewhere classified when he shall recover fifty dollars or more, and section 551, allowing costs to defendant unless plaintiff be entitled to them, a recovery of less than fifty dollars in an action included in subdivision 5 of section 549 does not carry costs, but defendant is entitled to costs against plaintiff.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is an action by the United States Mortgage & Trust Company, the purchaser of real estate at a judicial sale, against P. L. Willis, a tenant in possession under an unexpired lease, to recover rent, or the value of the use and occupation of the premises, from the day of sale. The facts are that in October, 1894, the Portland Savings Bank mortgaged the premises upon which the building, a part of which is occupied by the defendant, is situated, to the plaintiff, to secure the payment of $150,000, and the mortgage was duly recorded on the following day. On October 12, 1901, a suit was commenced to foreclose the mortgage, and Henry F. McClure, the successor in interest of the savings bank, was made a party defendant. Thereafter, and on October 31, 1901, McClure leased three rooms in the building to the defendant for a rental of $35 a month, payable in advance on the first day of each calendar month. A decree of foreclosure was subsequently rendered, and on January 13, 1902, the prop-

erty was sold under the decree to the plaintiff. A few days later, it notified defendant that it had purchased the property, and demanded the rent for the rooms occupied by him from the date of the purchase until the first of the following month, but he refused to make such payment on the ground that under the terms of his lease he had paid the rent for the entire month of January to McClure on the first of the month, and prior to the sale. This action was thereupon begun in the circuit court to recover $20.32 as rent from January 14th to February 1st, and, a judgment having been rendered in favor of the plaintiff for the amount demanded, and for costs and disbursements, the defendant appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Parrish L. Willis, in pro. per.*

For respondent there was a brief and an oral argument by *Mr. J. Thorburn Ross, Mr. E. B. Seabrook,* and *Mr. Wm. A. Munly.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. The principal question for determination is whether, in case land sold under a decree of foreclosure is in possession of a tenant holding under an unexpired lease made by the owner of the property subsequent to the execution of the mortgage, the purchaser thereof is entitled to the rent, or the value of the use and occupation of the premises, from the day of sale, notwithstanding the tenant, in accordance with the terms of his lease, has paid the rent in advance to his lessor. The defendant's brief contains a discussion of the rights at common law of a mortgagor, mortgagee, and a tenant of the mortgaged premises; and it is insisted that under our statute a tenant in possession of property at the time of a judicial sale, holding under an unexpired lease, stands in the same position, and is entitled to the same rights, as the lessee of mortgaged property at common law holding under a lease executed prior to the mortgage. But

we are not dealing with the rights of a mortgagee and a tenant of the mortgaged property, but with those of a purchaser at a judicial sale and one in possession, holding under an unexpired lease. The fact that in this particular case the purchaser happens to be the mortgagee is a mere incident, and has no effect on the question involved. In our opinion, the question for decision is plainly settled by the statute. Section 307, Hill's Ann. Laws, provides that a purchaser of land at a judicial or execution sale, from the day of sale until a resale or redemption shall be entitled to the possession, unless the same be in the possession of a tenant holding under an unexpired lease, in which case he shall be "entitled to receive from the tenants the rents or the value of the use and occupation thereof during the same period." Under this statute the purchaser is entitled either to the possession of the property, or to the value of the use and occupation thereof, from the day of sale until a resale or redemption. If at the time of the sale the property is not in possession of a tenant holding under an unexpired lease, he is entitled to the immediate possession; but, if it is in possession of such a tenant, he is then entitled to the rents, or the value of the use and occupation thereof, for the same time. No contract of a mortgagor made subsequent to the mortgage can deprive the purchaser of the rights given him by statute. This necessarily results from the principle that a subsequent lease or grant of mortgaged premises is subject to the prior mortgage, and the interest acquired by the grantee or lessee therein is subject to be defeated by a subsequent foreclosure and sale. In this case the plaintiff's mortgage was on record at the time the lease was made to the defendant, and he had at least constructive notice of the rights of the plaintiff thereunder, and must be held to have accepted his lease and paid the rent in advance with knowledge of the fact that in case of a foreclosure and sale the purchaser would be entitled to the rents from the day of sale. The defendant's lessor was not entitled to the rent of the premises after the day of sale, and it therefore can be no defense to the defendant that he paid it to him, whether before or after that time. "If," as said by the Supreme Court of California, "the

law were otherwise, it would be in the power of the mortgagor to materially diminish the value of the mortgaged property as security for the debt for which mortgage was given by simply leasing it for a long period, and collecting the rent in advance, or by leasing it for such period for a nominal rent": *Harris* v. *Foster,* 97 Cal. 292 (32 Pac. 246, 33 Am. St. Rep. 187). If the mortgagor or his successor in interest could, by leasing mortgaged premises and collecting the rent in advance, deprive the purchaser at the foreclosure sale of the value of the use and occupation during that time, there would be no limit to his right in the premises, and he could make such a lease for any length of time he might think proper. To permit him to do so would practically be annulling the statute, and would be contrary to the interpretation of similar statutes by other courts: *McDevitt* v. *Sullivan,* 8 Cal. 592; *Walker* v. *McCusker,* 71 Cal. 594 (12 Pac. 723) ; *Harris* v. *Foster,* 97 Cal. 292 (33 Am. St. Rep. 187, 32 Pac. 246) ; *Byers* v. *Rothschild,* 11 Wash. 296 (39 Pac. 688). We are of the opinion, therefore, that plaintiff is entitled to judgment against the defendant for the rent of the rooms occupied by him from the day of sale.

2. As the amount sued for is less than $50, the judgment in favor of plaintiff, however, for costs and disbursements is erroneous. In an action of this kind the plaintiff is not entitled to costs unless he shall recover $50 or more (Hill's Ann. Laws, § 549), and, unless he does recover judgment for that amount, the defendant is entitled to costs as a matter of course: Hill's Ann. Laws, § 551.

The judgment appealed from will therefore be reversed as to the matter of costs, and the cause remanded to the court below, with directions to enter judgment in favor of the plaintiff for $20.32, as rent for the premises sued for, and in favor of the defendant for his costs and disbursements in the lower court.                    REVERSED AS TO COSTS.