[Civ. No. 3816. Second Appellate District, Division One.—June 1, 1922.]

GEORGE J. FOWLER, Respondent, v. THE LANE MORTGAGE CO. (a Corporation), Appellant.

[1] EXECUTION — PURCHASE OF LAND AT JUDICIAL SALE — UNRECORDED LEASE.—A purchaser of a tract of land at an execution sale to satisfy a judgment lien is charged with notice of an unrecorded leasehold interest in the land and of the rights of the lessee thereunder covering the period of redemption from such sale, where the lessee is in the actual and open possession of the land.

[2] ID.—FORECLOSURE OF MORTGAGE—LIABILITY FOR RENTS.—Where a leasehold is acquired subsequent to the execution and record of a mortgage, the lessee takes the property subject thereto, and if a sale is had under a decree of foreclosure the purchaser is, as against the lessee, entitled to the rents during the period of redemption, even though paid in advance to the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

E. A. Lane for Appellant.

Burton E. Hales for Respondent.

SHAW, J.—Basing his right so to do upon the provisions of section 707 of the Code of Civil Procedure, plaintiff, as the purchaser of a tract of land at judicial sale, brought this action to recover from defendant as tenant for the use and occupation of the same during the period fixed for the redemption thereof. He had judgment, from which defendant has appealed.

The complaint contains two counts, in one of which it is alleged that defendant as tenant was in possession and control of the land; and in the other, that O. T. Sutton farmed the same under an agreement to pay defendant for the use thereof a part of the crop, the value of which so paid was $1,965.47.

2. Right of purchaser to rents of leased land sold on execution sale, note, Ann. Cas. 1912B, 398.

It appears from the pleadings, stipulation of facts, and meager evidence offered that on April 1, 1917, and at all times thereafter referred to, George L. Cooper was the owner of record of tract 58, township 13 south, range 15 east, S. B. M., in Imperial County, subject to a deed of trust whereby the same was conveyed to Los Angeles Trust & Savings Bank to secure the payment of a loan made to him by Lane Mortgage Company; that on said date he executed a lease of said property to defendant, the term of which, as expressed therein, was to continue until such loan should be paid, and for which the lessee in good faith paid a full and adequate rental in advance for the entire term. The lease was not recorded. On January 22, 1918, George J. Fowler and his coplaintiffs, in an action based upon a demand that arose after the execution of the lease and brought in the superior court of San Bernardino County, obtained a money judgment against Cooper upon which an execution was issued to the sheriff of Imperial County under and by virtue of which he levied upon all interest of Cooper in the land in question, and on the fourth day of June, 1918, sold the same to plaintiff George J. Fowler, to whom on said date he issued a certificate of purchase, a duplicate of which was filed for record on August 7, 1918. No redemption was made of the property within the year allowed therefor, during all of which time and prior thereto it was in the open and actual possession and occupancy of one O. T. Sutton as a subtenant of defendant, to whom, between June 4 and August 1, 1919, he paid as rent for the use thereof, for the year immediately following date of sale to plaintiff, the sum of $1,965.47.

If plaintiff is entitled to recover the value of the use and occupation of the property, then, upon the allegations of the complaint, it is immaterial whether defendant was in the actual occupation thereof or farmed it through its subtenant from whom it received the rents and profits.

Section 700 of the Code of Civil Procedure provides that "upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest and claim of the judgment debtor thereto on the date of the levy of the execution thereon, where such judgment is not a lien

upon such property.'' In this case the judgment was not
a lien upon the property and, under the section quoted,
the right, title, and interest of Cooper was such only as
he had in the property upon the date of the levy, which
rights were subject to the lease for which he had in ad-
vance received adequate payment. Defendant's lease, how-
ever, as found by the court, was for a term exceeding one
year and not recorded, by reason of which facts it was
void as to plaintiff, whose certificate of purchase was re-
corded on August 7th, provided the purchase *was made
in good faith;* that is, without notice, actual or construc-
tive, of the rights of defendant under the unrecorded lease.
(Sec. 1214, Civ. Code.) The court so found. Appellant
challenges the finding for want of sufficient evidence to
support it. Whether or not the contention is warranted
depends upon the circumstances the existence of which as
stipulated are ''that Sutton was openly in the actual, ex-
clusive possession as subtenant of defendant of all the land
at and for more than one month prior to all times re-
ferred to in the amended complaint as and claiming as
tenant under the lease from defendant referred to in the
answer and farming said land and paying the rent there-
for to the defendant.'' That an unrecorded deed is valid
as between the parties and as against subsequent pur-
chasers having notice thereof, and that the possession of
the grantee of such unrecorded deed is notice of his title
and claim to a subsequent purchaser, admits of no con-
troversy. (*Beattie* v. *Crewdson,* 124 Cal. 577 [57 Pac.
463].) As clearly stated in *Pell* v. *McElroy,* 36 Cal. 268,
and quoted with approval in *Scheerer* v. *Cuddy,* 85 Cal.
270 [24 Pac. 713]: ''The fact of open, notorious, and ex-
clusive possession and occupation of lands by a stranger
to a vendor's title, as of record at the time of a purchase
from and conveyance by such a vendor out of possession,
is sufficient to put such purchaser upon inquiry as to the
legal and equitable rights of the party so in possession,
and such vendee is presumed to have purchased and taken
a conveyance from the vendor with full notice of all the
legal and equitable rights in the premises of such party in
possession and in subordination to these rights, and this
presumption is only to be overcome or rebutted by clear

and explicit proof on the part of such purchaser, or those claiming under him, of diligent, unavailing effort by the vendee to discover or obtain actual notice of any legal or equitable rights in behalf of the party in possession.'' [1] We think the same principle is applicable to the possession of land under an unrecorded lease for a term of years. (*Peasley* v. *McFadden,* 68 Cal. 611 [10 Pac. 179]; *Dutton* v. *Warschauer,* 21 Cal. 609 [82 Am. Dec. 765].) The admitted actual and open possession of the land by Sutton, as tenant of defendant, was sufficient to put plaintiff, in dealing with the property, upon inquiry as to the rights of his landlord, and he is chargeable with notice of all facts which he might have ascertained had he pursued the inquiry with proper diligence. (*O'Rourke* v. *O'Connor,* 39 Cal. 442.) There is neither pleading nor evidence tending to show an excuse for failure to make the inquiry or that if made it would have been unavailing, and hence plaintiff is presumed to have had knowledge, at the time of the purchase, of the fact of defendant's leasehold interest in the property covering the period of redemption from the sale so made. Since prior to the levy of the execution defendant had paid Cooper for the use and occupation of the property, of which fact plaintiff, under the circumstances, must be deemed to have had notice, he could not be a purchaser in good faith. Upon no equitable principle could defendant's property be subjected to the payment of Cooper's debt. (*Webster* v. *Cook,* 38 Cal. 423.) [2] Where a leasehold is acquired subsequent to the execution and record of a mortgage, the lessee, since chargeable with constructive notice thereof, takes the property subject to the same, and if a sale is had under a decree of foreclosure the purchaser, as provided by section 707 of the Code of Civil Procedure, is, as against the lessee, entitled to the rents during the period of redemption, even though paid in advance to the owner. This for the reason that the rights of the mortgagee, of which both the lessee and lessor have notice, could not be impaired by the subsequent acts of the parties. (*United States Mortgage Co.* v. *Willis,* 41 Or. 481 [69 Pac. 266]; *Harris* v. *Foster,* 97 Cal. 292 [33 Am. St. Rep. 187, 32 Pac. 246].) Such facts, however, are not involved in this case.

Our conclusion renders it unnecessary to discuss other grounds upon which a reversal is urged.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.