[Civ. No. 2025.   Fourth Appellate District.—August 20, 1937.]

GLEN H. MUNKELT et al., Respondents, v. WILL KUMBERG, Appellant.

Harry W. Horton for Appellant.

Glen H. Munkelt, *in pro per.*, and Lindley & Higgins for Respondents.

BARNARD, P. J.—This is an action by a purchaser at a foreclosure sale to recover from the tenant in possession for the use of the property during the redemption period.

The property, consisting of 180 acres of land, was sold at foreclosure sale on June 1, 1934, and was purchased by the plaintiffs as trustees. In May, 1935, the defendant harvested a crop of grain which he had sowed in October, 1934, and stored the same in a warehouse. The plaintiffs alleged and proved and the court found that the usual and customary method of renting such land in that vicinity was on a crop

share basis, and that the value of the use and occupation of this land for that period was one-fourth of all grain raised, sacked and delivered in kind. Judgment was entered accordingly and the defendant appealed.

The appellant concedes his liability and the amount of grain raised on the land but contends here, as at the trial, that he is liable only for the rental, or share of the crop, payable during that year under a lease with the former owner. He relies on an oral lease covering a three-year period from October 1, 1932, to October 1, 1935, which provided that he was to level 60 acres of the land which was then unfit for cultivation, that he was to have the use of this 60 acres in return for his work and expense in leveling the same, and that he was to deliver to the owner one-third of all grain raised on the other 120 acres, but the owner was to pay for the sacks and twine used on her part of the grain and for all of the water used on the entire tract. The difference between the rental value as fixed by the court and the share conceded by the appellant amounts to about $250.

█ The main question presented is thus stated by appellant: "Is a purchaser at a mortgage foreclosure sale, after redemption, entitled to sue for the reasonable, usable value of the land occupied by a tenant, or has the tenant a right to tender the amount of the rental provided in the lease." The question thus suggested, whether such a purchaser has a right of election as between the "rents" and "the value of the use and occupation", under the provisions of section 707 of the Code of Civil Procedure, need not be decided here. Without doubt, such a purchaser may sue for the reasonable rental value, and if it be assumed that an agreed rental would be controlling as to the liability of a tenant, it would at least be incumbent upon the tenant to prove, as a partial defense, that he held under a lease and what the agreed rental was for the period in question.

Leaving out immaterial matters discussed in the briefs and assuming, as argued by the appellant, that this oral lease was valid as between these parties, although it had not been fully performed when respondents' rights intervened and a share of the crop had not been delivered at the time of the trial, it was appellant's duty in this action to show both the existence of a lease and the full amount of the rental for the third and final crop season under its terms. █ It

is well settled that where a leasehold is acquired subsequent to the recordation of a mortgage a purchaser at the fore-closure sale is, as against a lessee, entitled to the full rents during the period of redemption, even though paid in advance to the former owner. (*Fowler* v. *Lane Mortgage Co.,* 58 Cal. App. 66 [207 Pac. 919].)

Even under appellant's theory the value of this leveling, while it may have been done during the first year, was a part of the rental for the entire term and a portion thereof must be considered as rental paid in advance for the last year. The appellant has ignored this portion of the rent called for by his lease and has rested his entire defense, at the trial and here, upon the proposition, in effect, that he is entitled to settle this obligation by turning over that portion of the rental for the last year which is represented by the share of the crop from a part of the land which was to be turned over during that year.

There was neither proof nor offer of proof from which it could be determined what was the full rent for the last year under the provisions of the lease. In the absence of any evidence on this essential part of the partial defense, and in the face of appellant's contention that he was obligated to prove and pay over a part of that rental only, the court was justified in entering judgment for the reasonable rental value in accordance with the allegations of the complaint and the evidence in support thereof. So far as appears from the evidence received or offered the judgment entered may have been more favorable to the appellant than one arrived at in accordance with his theory.

The only other matter which need be mentioned is a contention that the court erred in overruling a demurrer to the complaint. It is argued that no cause of action was stated because of a failure to allege whether or not the appellant was occupying the land under a lease. Aside from any other consideration this was a matter of defense and the point is without merit.

The judgment is affirmed.

Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 18, 1937.