[Civ. No. 2952.   Fourth Dist.   Jan. 15, 1942.]

LEONORA MUNZINGER, Appellant, v. HARRY CAF-
FREY et al., Respondents.

Halverson & Halverson for Appellant.

Hugh E. Brierly, Glenn E. Tinder and Robert Loundagin for Respondents.

GRIFFIN, J.—Plaintiff and appellant instituted this action against defendants and respondents Harry Caffrey, John W. McMurray, Roland McMurray and Ray McMurray, for

declaratory relief and for money claimed to be due under the terms of a lease wherein appellant, on May 19, 1934, leased to respondent Harry Caffrey lot 4, block 12, in Bishop, together with certain card and pool tables, bar and fixtures, candy and cigar cases, and other furnishings and fixtures located in the building on that property. The lease was for a term of five years with a monthly rental of $125. At the time the lease to Caffrey was given the real property, but not the personal property, was subject to a mortgage in favor of Johann Albers. Suit for foreclosure of the mortgage was brought through one Tinder, executor of his estate, on the 21st day of September, 1933, and *lis pendens* recorded before the lease was made. Order of sale was issued March 12, 1934, and after the execution of the lease to Caffrey, the real property was sold to Tinder, as executor, on July 16, 1934, and a sheriff's certificate of sale issued therefor. On June 24, 1935, Tinder, as executor, sold and assigned the real property and certificate of sale to the city of Los Angeles, the assignment being dated December 23, 1935, and the acceptance by the city of Los Angeles being dated February 18, 1936. After the sale on foreclosure, beginning on the 20th day of September, 1934, Tinder, as executor, collected from John W. McMurray, through Ray McMurray, as manager, the sum of $125 per month, until the real property and certificate of sale was sold to and accepted by the city of Los Angeles, deducting $97.30 each month from that amount, which was one per cent of the total purchase price at the foreclosure sale. The balance of the $125 was paid to appellant. On October 22, 1934, Caffrey assigned the lease, with the consent of appellant, to John W. McMurray. John W. McMurray immediately went into and remained in possession until the end of 1935, when the business was transferred to Ray McMurray under some oral agreement of sale. Thereafter, the respondent Ray McMurray alone occupied the premises. On March 2, 1936, Ray McMurray, with Roland McMurray and wife, took a direct lease from the city of Los Angeles at $80 per month for a period of three years on the above-mentioned real property. On March 3, 1939, at the termination of the former lease, Ray McMurray alone took a new lease thereon on the same terms. Rentals at $125 per month had been paid by all tenants to the executor and the city of Los Angeles up to March 2, 1936. No rental in excess of $80 per month was paid by Ray McMurray or any one of the lessees or assignees subsequent to March 2, 1936. On July 5, 1935, and prior to the expiration of the

period of redemption, appellant Munzinger, the mortgagor, filed her petition for a moratorium and, upon stipulation of the city of Los Angeles and orders of the court made thereon, the period of redemption was extended to August 12, 1940, beyond the date of trial hereof. This action was then brought to determine whether Harry Caffrey, the original lessee, and John W. McMurray, the assignee of Caffrey, Ray McMurray and Roland McMurray were liable under the terms of the lease to appellant in the sum of $45 per month from March 2, 1936, to the date of trial, totaling $1,980, for value of the use and occupation of the property for that period.

The question of the liability of the respondent Ray McMurray for the reasonable rental value of the personal property used by him for the period he used it is not raised on this appeal. It is undisputed that the respondent John W. McMurray paid all rental demanded of him during his period of occupancy of the mortgaged premises, and that the respondent Roland McMurray never at any time personally occupied the premises or personal property. The testimony before the court was that Roland McMurray signed the lease from the city of Los Angeles to Ray McMurray, as an accommodation to his son Ray McMurray. The court rendered judgment for plaintiff and appellant against Ray McMurray only, in the sum of $254.75, being for the reasonable rental value of the personal property mentioned in the lease.

It is now contended by appellant (1) that the lease in the instant case was given subject to the mortgage and that since the mortgage was foreclosed the purchaser could not legally abrogate the lease or lease the property before it received the sheriff's deed; (2) that even though the lease was assigned, both the lessee and assignees are liable to appellant for the amount of the agreed rental price in excess of $80 per month.

It has been determined on many occasions in this state that title passes to the purchaser at a foreclosure sale. (Sec. 700, Code Civ. Proc.) ▪ The law grants to the mortgagor the right to redeem the property and to personally remain in possession pending the expiration of the period of redemption, but where the property is leased to a tenant the title acquired by the purchaser carries with it the right to receive rent from the tenant in possession. (*Pollard* v. *Harlow,* 138 Cal. 390 [71 Pac. 454, 648] ; *Shintaffer* v. *Bank of Italy etc. Assn.,* 216 Cal. 243 [13 Pac. (2d) 668].) A purchaser at a

mortgage foreclosure sale, during the period of redemption, is entitled to sue for the reasonable value of the land occupied by a tenant. (*Munkelt* v. *Kumberg*, 22 Cal. App. (2d) 369 [70 Pac. (2d) 997].) As the purchaser would be entitled to the rents *of the property sold* under foreclosure or the value of the use and occupation thereof, it must necessarily follow that the mortgagor, during the redemption period, was not entitled to receive them. (*Becker* v. *Munkelt*, 27 Cal. App. (2d) 761 [81 Pac. (2d) 1041]; *Reynolds* v. *Lathrop*, 7 Cal. 43; *McDevitt* v. *Sullivan*, 8 Cal. 592.) In the last two cited cases it was held, under similar circumstances, that the sale under the foreclosure, in effect, was equivalent to an assignment of the lease until the time for redemption expired. (See, also, *Clarke* v. *Cobb*, 121 Cal. 595 [54 Pac. 74].) In other words, the tenant in possession is liable as such to account to the *purchaser* for the value of the use and occupation during the period in question. (*Walker* v. *McCusker*, 71 Cal. 594 [12 Pac. 723]; sec. 1111 Civ. Code; *Title Insurance & Trust Co.* v. *Pfenninghausen*, 57 Cal. App. 655 [207 Pac. 927]; *Harris* v. *Foster*, 97 Cal. 292 [32 Pac. 246, 33 Am. St. Rep. 187].) The appellant in the instant case, therefore, not being entitled to receive the rents from the real property, is confined to a recovery for the reasonable value of the use of the personal property for the period from March 2, 1936, to the date of trial.

The trial court awarded judgment against Ray McMurray only, on this count, in effect holding that the remaining defendants were not liable. The reasonable value of the use of the furniture and fixtures used by Ray McMurray was found to be the sum of $5 per month from March 2, 1936. The evidence discloses that much of the furniture and fixtures leased under the original lease had been stored by previous assignees of the lease and had become antiquated or destroyed and was not used by Ray McMurray during the period in question. The evidence produced on the question of the reasonable value of the use of the fixtures remaining in his possession during this period was that the rental value of this property was from the sum of $5 to $45 per month. Under the evidence we are not authorized to disturb this finding. (*Donato* v. *Lopopolo*, 20 Cal. App. (2d) 409 [66 Pac. (2d) 1256].)

The only other question is whether the remaining defendants are jointly and severally liable with Ray McMnrray for this amount.

The complaint in this case alleges that Caffrey, as the original lessee, was in possession of the property and paid full rent therefor until November 22, 1934, when he assigned the lease, by written consent of appellant, to John W. McMurray, who occupied the premises and paid the rent in full until about January 1, 1935. It is also alleged that about that date John McMurray assigned the lease to the remaining defendants, Roland McMurray and Ray McMurray, who have occupied the premises ever since but who have paid rent only to March, 1936. The answers of Caffrey and John W. McMurray admit these general allegations, but allege that all rental was paid. Ray McMurray denied that he went into possession under the terms of any lease executed by appellant. Roland McMurray denied generally all of the allegations of plaintiff's complaint and alleged that no assignment of appellant's lease was ever made to him by any person; that he never did own any interest therein; that he never entered into possession of the property; and that he was made a party to the lease from the city only to guarantee to it the rental payments therein provided. The trial court so found. Although this respondent was named as a lessee of the real property under the lease from the city of Los Angeles, this fact would not be conclusive evidence that he was liable for the reasonable rental value of the furniture and fixtures. The court's determination that he was not liable therefor cannot be disturbed on this appeal.

The nature of the assignment of the lease from Caffrey to McMurray is not before us. The record indicates that there was some form of written assignment made and the lease turned over to John W. McMurray or his attorney about October 22, 1934. The evidence shows that John W. McMurray never assigned the lease to Ray McMurray, but about the end of the year 1936, while Ray McMurray was working for him he, John, "just stepped out" and the premises and equipment were turned over to Ray, apparently under some oral contract of sale.

So far as the evidence is concerned, this respondent John W. McMurray was still liable for the reasonable rental value of the fixtures and furnishings subsequent to March 2, 1936, at least for the time he was occupying the premises and using the furnishings and fixtures. (*Treff* v. *Gulko,* 214 Cal. 591, 595 [7 Pac. (2d) 697]; *Ellingson* v. *Walsh, etc.,* 15 Cal. (2d) 673, 675 [104 Pac. (2d) 507].) ▪ Privity of con-

tract between landlord and lessee is not affected by the latter's assignment, but continues until the end of the term notwithstanding he is no longer in possession of the property. (*Samuels* v. *Ottinger*, 169 Cal. 209 [146 Pac. 638, Ann. Cas. 1916 E, 830].) The original lessee was "to have and hold the premises together with the said personal property unto the said lessee, from June 19, 1934, for and during the full term of five years . . . paying therefor . . . every month . . . $125 . . ."

In *Samuels* v. *Ottinger, supra,* it was held that such a lease expressed a contractual obligation on the part of the lessees to pay the stipulated rent, and that such obligation continued notwithstanding the lease had been assigned with the consent of the lessor. ▮ In the absence of any showing of release of liability of the original lessee, Harry Caffrey, he is liable for the reasonable rental value of the fixtures and furnishings during the period in question.

That portion of the judgment in favor of Harry Caffrey and John W. McMurray is reversed with directions to the trial court to enter judgment in accordance with the conclusions expressed. That portion of the judgment in favor of Roland McMurray is affirmed. Judgment against Ray McMurray is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied February 14, 1942.