[L. A. No. 677.   In Bank. — March 6, 1901.]

G. A. CORTELYOU et al., Respondents, v. O. H. JONES et al., Appellants.

FORECLOSURE OF MORTGAGES — ASSIGNMENT IN TRUST FOR COLLECTION — RIGHT OF ACTION — PLEADING. — The assignment of mortgages, and of the debts which they secure, "to be collected, and the proceeds held in trust" for certain purposes specified, vests the legal title to the mortgages and debts in the assignees, who have a right of action to foreclose the same in their own names, as individuals claiming as assignees, without being required to sue in their representative capacity as trustees, or to set up in their complaint the facts creating the trust.

ID. — ATTORNEY'S FEES NOT SECURED. — Attorney's fees, not made by the terms of the mortgage a lien upon the mortgaged property, must be limited in their recovery to a personal judgment against the mortgagors.

ID. — ISSUE AS TO ATTORNEY'S FEES — WAIVER OF OBJECTION. — Where the amended complaint inartificially presented an issue upon the right of the plaintiff to recover attorney's fees and the amount thereof, and might have been subjected to amendment upon demurrer, if the case was tried without any objection to the sufficiency of the complaint to present the issue, it must be held, after verdict, to have been sufficiently presented.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

J. H. Krimminger, and O. H. Jones, for Appellants.

Curtis D. Wilbur, for Respondents.

HARRISON, J.— Action for the foreclosure of a mortgage. The appellants executed a mortgage upon certain real property, to secure the payment of certain promissory notes which were set forth therein, and thereafter the mortgagee executed to the plaintiffs herein an instrument by which he assigned to them "those certain mortgages and credits more particularly described as follows, to wit, . . . ; also, a mortgage from O. H. Jones, dated October 24, 1892, there being now due thereunder about $630, and interest from that date till the present

time at the rate of ten per cent per annum; also, all other moneys now due to me from any source whatever, said mortgages and debts or credits to be collected, and the proceeds to be held in trust" (naming the purposes of the trust and giving directions to the trustees). Judgment was rendered herein in favor of the plaintiffs for the amount due upon the promissory note, and a foreclosure and sale of the mortgaged lands. The defendants have appealed therefrom and from an order denying their motion for a new trial.

The appellants urge in support of their appeal, that, as under the assignment the plaintiffs are made the trustees of an express trust, they could bring the action only in their representative capacity, and should have set up in their complaint the facts creating the trust, and were not entitled to a judgment in favor of themselves individually. Their contention in this respect cannot, however, be sustained. By the terms of the assignment the mortgages and debts were transferred to the plaintiffs, "to be collected, and the proceeds to be held in trust." The legal title thereto was therefore vested in the plaintiffs, and the beneficiaries under the trust had no interest, except in the proceeds of the collection. A payment by the defendants to the plaintiffs without suit would have exonerated them from all liability to the beneficiaries, and they will be equally exonerated by a satisfaction of the judgment herein. "A trustee to whom a chose in action has been transferred for collection is, in contemplation of law, so far the owner that he may sue on it in his own name." (*Toby* v. *Oregon etc. R. R. Co.*, 98 Cal. 497.) Where the legal title to the property is vested in the trustee, it is unnecessary to state in his complaint the means by which he acquired it. (*Dambmann* v. *White*, 48 Cal. 439; *Giselman* v. *Starr*, 106 Cal. 651; Bliss on Code Pleading, sec. 262; Pomeroy on Code Remedies, sec. 132.)

The evidence was sufficient to justify the finding of the court that the note and mortgage had been assigned to the plaintiffs, and that the payment of the note was secured by the mortgage.

The court erred, however, in holding that the payment of the attorney's fees allowed for the foreclosure is secured by the mortgage. The clause in the mortgage relating thereto is identical with that presented in *Klokke* v. *Escailler*, 124 Cal. 297, wherein it was held that under this clause the mortgage

secured only the payments therein specified, and did not extend to the attorney's fees. The complaint as amended sufficiently presented an issue upon the right of the plaintiff to recover attorney's fees and the amount thereof, although it is somewhat inartificial, and if demurred to, might have been subjected to amendment; but as the parties have tried the cause without any objection of this nature, it must be held, "after verdict," that the issue was sufficiently presented. The court should, however, have limited their recovery to a personal judgment against the appellants.

For this error the cause is remanded to the superior court, with directions to modify its judgment by excluding from the amount for the payment of which the mortgaged lands shall be sold, the sum allowed for attorney's fees, and including that sum in the amount for which a personal judgment shall be entered against the defendants, and as so modified the judgment and the order denying a new trial will stand affirmed.

Garoutte, J., Van Dyke, J., and Henshaw J., concurred.