[No. 6189.]

## KOCH v. STORY.

1. **Parties—Plaintiffs—Real Party in Interest—**The trustee of an express trust in real property may maintain an action to restrain irreparable injury thereto, without setting forth the nature of the trust, the name of the beneficiary or his character as trustee. An averment of his trust capacity may be treated as surplusage.—(338)

2. **Parties Defendant — Necessary Parties —** A nonresident corporation acting through its local manager is charged with a continued invasion of the rights of another in the enjoyment of water. The corporation is not an indispensable party to a bill to restrain the wrong. The resident manager may be made sole defendant.—(341)

3. **Parties—Bringing in New Parties—**A defendant desiring a new party brought, must apply in seasonable time.—(341)

4. **Injunction—Trespass—**A wrongful invasion of the rights of another in respect to the enjoyment of water, e. g., the breaking of the embankment of a reservoir, and a threatened repetition of the act, or a manifest intention to repeat it, affords ground for equitable relief by injunction.—(344)

The insolvency of the defendant is an additional ground of relief, but not essential.—(344)

5. **Trial by Jury—Equitable Action—**In causes in equity the issues are tried by the court. In the discretion of the court a jury may be called, but the verdict is simply advisory.—(339)

6. **Appeals—Harmless Error—**Sustaining a demurrer to one defense in the answer is harmless, when the same matter is asserted in another, and litigated thereunder.—(340)

7. **Estoppel — In Pais —** Acquiescence of plaintiff in defendant's expenditure of work for appropriating water from a stream from which plaintiff's supply is drawn, plaintiff having no notice that a senior and adverse claim is to be asserted, does not work an estoppel.—(340)

8. **Continuance**—The allowance or refusal of a continuance is discretionary, and, unless the discretion is abused, the action of the trial court will not be reviewed.—(341)

The denial of a continuance, applied for only two days before the day appointed for the final hearing, upon the ground that the party was entitled to a jury, and that the regular panel summoned for the term had been discharged, that a nonresident corporation ought to be made party, that a material witness was absent, and that a replication recently filed presented new issues, when, in fact, the cause was of equitable cognizance, the witness actually appeared and was examined at the trial, the replication complained of was withdrawn by the plaintiff, and the rights of the nonresident corporation were well known to the defendant at the institution of the action, will not be reviewed.—(341)

*Appeal from San Miguel District Court*—Hon. THERON STEVENS, Judge.

Mr. L. C. KINIKIN, and Messrs. BELL, CATLIN & BLAKE, for appellant.

Mr. L. W. ALLEN, and Mr. S. A. BAILEY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action to restrain defendant from threatened harmful interference with certain reservoirs and water rights claimed by plaintiff, and to recover damages for the injuries which past interference has already inflicted. Upon final hearing the court, having found that the water rights and reservoirs described in the complaint belong to plaintiff and that the injuries charged had been suffered and similar ones threatened by defendant, issued the permanent injunction prayed for. Defendant is here with his appeal.

The complaint alleges generally that plaintiff is the owner, holding title as trustee of an express trust —possessed, and entitled to possession, of certain

reservoirs and water rights, which were originally acquired as the result of an appropriation by plaintiff's grantors, and that the same seasonably were, and have since been continually, applied by them to a beneficial use, chiefly for milling purposes; that defendant wrongfully trespassed upon the reservoirs, cut their banks, placed pipes therein, and thus withdrew the impounded waters to plaintiff's damage, and that defendant threatens to continue such trespasses and wrongful acts and will do so unless restrained by the court. There are further allegations to the effect that defendant owns no property in the state, is without means to respond in damages, and that the injuries are of such a character as to be, in law, irreparable. The answer puts in issue the material allegations of the complaint and contains several separate defenses, one of which is claimed to be an estoppel, and that there is enough available water for both parties. The new matters are traversed in the replication.

On this appeal many errors are assigned and many questions argued by counsel. Some are without merit and we pass them by. The first for discussion is the overruling of the general demurrer to the amended complaint, which defendant says was error. If we understand defendant's argument, it is, since the complaint alleges that plaintiff's title to the premises in controversy is held by him as trustee of an express trust, that pleading is fatally defective because it does not set out how and by whom the trust was created, or give the names of the beneficiaries. Authorities from other jurisdictions are cited to the point that where the trustee of an express trust sues, particularly where he is seeking to enforce a trust or change, in some way, its terms, he must allege explicitly the nature of his trust and disclose the name of his beneficiaries. We do not think these

(22)

authorities sustain defendant's objections to this
complaint. Plaintiff alleges that he has the title to
this property. He is suing to protect it from injury
and to preserve it for the benefit of its equitable
owners. Our code and our decisions require that an
action shall be brought in the name of the "real
party in interest." We have determined that "one
who holds the legal title" is "the real party in in-
terest."—*Bassett v. Inman,* 7 Colo. 270-3; *Gomer v.
Stockdale,* 5 Col. App. 489, 492; Pomeroy on Code
Remedies, § 62 *et seq.* Applying that doctrine, we
find here that plaintiff alleges in his complaint that
he holds the legal title to this property. The addi-
tional allegation that he holds as trustee of an ex-
press trust may be regarded as surplusage. But if
not, where the trustee of an express trust also holds
the legal title, he may maintain an action without
disclosing the name of the beneficiary, or the nature
of the trust. The objection is purely technical, and
when, as in this case, the beneficiaries would be con-
cluded by the judgment, which would be a bar to a
subsequent suit on the same cause of action by them,
the objection interposed ought not to be favorably
considered. The supreme court of California in
several cases has had the point under consideration.
In *Cortelyou et al. v. Jones et al.,* 132 Cal. 131, it was
held that where the legal title was vested in the
plaintiff, though he held the same as the trustee of
an express trust, he might sue in his own name with-
out being required to sue in a representative capacity
or to set up in the complaint the facts creating the
trust. In *Iowa, etc., Company v. Hoag,* 132 Cal. 627,
the court said that where the trustee of an express
trust holds the legal title he may maintain the action
by virtue of such title, and any averments in the com-
plaint as to his official appointment or trust capacity
may be treated as surplusage. In *Anson v. Town-*

*send,* 73 Cal. 415, it was decided that the holder of the legal title to land, though a trustee for a third person, is the real party in interest and may maintain the action to protect the trust estate. The court said that since plaintiff has the legal title it does not concern the defendant whether he holds it in trust or not. As far as defendant is concerned, plaintiff is "the real party in interest" and defendant would be protected by the judgment as against a subsequent suit on the same cause by the beneficiary. The complaint here is not vulnerable to the demurrer on the ground stated.

It is further contended that the complaint states only a legal cause of action, one for the recovery of damages for a mere trespass to realty. The same contention is made also in connection with defendant's demand for a jury trial, which the court refused. Our resolution of it here will settle it there. While the complaint may be inartificially drawn, the cause of action pleaded is equitable in its nature, and the issues of law, as well as of fact, are triable by the court without a jury, subject, of course, to the discretion of the court to submit issues of fact to a jury, whose findings, however, would not be binding upon the conscience of the chancellor.—*Hall v. Linn,* 8 Colo. 264. The pending action is to restrain continued acts of trespass upon reservoirs and water rights. The case made is one of equitable cognizance, as was expressly decided, under similar averments, in *Saint v. Guerrerio,* 17 Colo. 448, and in many other of our decisions. Whatever may be the rule in other jurisdictions we do not pause to inquire, for the matter is too well settled here to admit of argument.

The objection that plaintiff's demurrer to a defense of the answer which set up, among other things, equitable estoppel, was erroneously sustained, is un-

tenable, if for no other reason, because substantially the same matters appeared in other defenses of the answer, and were not stricken out or objected to, and upon which evidence was heard. No prejudice to defendant by such ruling, even if wrong, resulted. But the matters alleged as estoppel did not have that effect. Merely because, as was charged, plaintiff knew that defendant was making certain expenditures and doing certain work with a view of acquiring some interest in the waters of a stream from which plaintiff's supply was also drawn, without knowledge on plaintiff's part that a senior claim, hostile or adverse to that of plaintiff, was to be asserted, would not estop plaintiff from objecting to subsequent acts of defendant in cutting his reservoirs and withdrawing water from them under a claim of right. In other respects not necessary to mention this defense is defective and the demurrer thereto was properly sustained. The court found that, in the winter season, there was a shortage of water, but even if there was enough available water for both parties at all seasons, this would not give defendant the right, certainly if plaintiff's right was superior, as we have held it was, to enter upon the premises of the latter and withdraw water from his reservoir after it had been diverted from the stream and stored there.

More than a year and a half after the answer was filed, and only two days before the day set for hearing, defendant filed an application for a continuance over the term, upon the grounds that the issues to be tried were legal and that the regular panel of jurors for the term had been dismissed, that new matters had recently been set up in an amended replication, because an important witness was absent, whose presence could not be secured, and upon the further ground that The Alta Mines Company, a

Wisconsin corporation, was the real owner of the reservoirs and water rights claimed by plaintiff and should be made a party defendant. The power to grant or refuse continuances is discretionary with the trial court, and unless its legal discretion is abused its rulings will not be disturbed. The court rightly denied this application. As we have already held, the issues were equitable and trial was by the court. The alleged absent witness was produced at the trial and testified. Plaintiff abandoned at the trial the new issue set up in the replication. These three grounds therefore are out of the case. In so far as the application was based upon the suggestion of defendant that The Alta Mines Company named should be made a party, the court properly disregarded it, if for no other reason, because it came too late. The company did not ask to be made a party and defendant did not request or demand, but only suggested it. Defendant was at the time of the trespass its general manager and in full charge of its local affairs. If the company was either a proper or necessary party to the action, defendant knew it as well when he filed his answer as he did more than twenty months later when he asked for a continuance. Possibly had the application been seasonably made, the court would have ordered the corporation to be brought in as a defendant, and it may be that such an order would have been appropriate. Yet plaintiff might elect to sue one or both wrong-doers, if the corporation, as well as defendant, was responsible for the alleged injury. No error was committed in denying the application.

The chief contention of defendant is that plaintiff did not prove title or show grounds for equitable relief. It would serve no useful purpose to review the voluminous testimony. The trial court concisely

and clearly thus stated the issues on this branch of the case as alleged and tried.

"The defendant does not claim that he has any interest whatever in the water rights or in the premises upon which the reservoirs of the plaintiff are situated.

"It is shown by the evidence in this case that the trespass complained of was committed, and the defendant attempts to avoid responsibility for such trespass by showing that The Alta Mines Company has some interest in the premises upon which the reservoirs of the plaintiff are situated and some interest in the water right claimed by the plaintiff, and further, that the water appropriated and claimed by the plaintiff and his grantors is far in excess of the requirements of plaintiff and his grantors for mining and milling purposes; and also that he is but one of the officers of the said The Alta Mines Company and transmitted the orders of said company to the employees."

The court seemed to regard the evidence as not in serious conflict, and found all the issues of fact in plaintiff's favor. The findings are specific that the legal title to the reservoirs and water rights described in the complaint is vested in plaintiff, that they were acquired as the result of a lawful appropriation of his grantors and are prior and superior to any alleged right which defendant claimed in his answer and testimony was vested in his company; that defendant entirely failed to establish in his company any adverse rights to such, or any other, reservoirs or water rights. As stated by the trial court, defendant makes no claim whatever to any interest in plaintiff's alleged reservoirs or water rights. The defense, which he sought, but failed, to prove, is that The Alta Mines Company, of which he was the resident manager, was their owner, or had superior

rights therein. He must stand or fall, therefore, with his employer. He also seeks to justify because he personally did not cut the embankments or lay the pipes, or withdraw water from plaintiff's reservoirs, but that such acts, if done, and there is no question but that they were committed, were done by workmen of The Alta Mines Company under orders from the company transmitted by him as its manager. The court having rightly found that no hostile or conflicting title whatever to these properties had been established by anyone, but if so, that they had not been acquired by, or become vested in, defendant, or The Alta Mines Company, it conclusively followed that the orders which that company gave, and which defendant transmitted to its workmen, to commit the acts complained of, were no justification to him. They were clearly illegal. The most favorable view which can be taken in defendant's favor is that the testimony was conflicting, though, as matter of fact, the findings of the trial court might easily be upheld upon many questions on uncontradicted evidence.

Defendant further contends that if any trespass or wrongful act was committed by him, or under his directions, it was but a single, and not a continuous, trespass, and therefore ought not to be enjoined. He further says that after the act was committed he practically removed his residence from the state and probably may not return to resume the active management of the affairs of the corporation whose interests he was endeavoring to protect. We do not perceive the force of the argument that such considerations as his removal from the state and the severing of his official relations to his company, should prevent the issuing of an injunction against him, when he committed the wrongful acts for which such relief is appropriate.

The general rule is that injunction will not lie

merely because of the commission of a single trespass, unless destructive of the property, or the injury is irreparable; but if of this character, or if further acts of the same kind are threatened, or where the single act is continuous in its nature, an injunction will lie. Here the wrongful acts consisted in cutting the banks of the reservoirs and placing a water pipe therein through which water was withdrawn to the injury of the plaintiff. In its very nature this act was continuing and unless prevented, or objected to by plaintiff, would, in the course of time, not only furnish foundation for the assertion of adverse rights, but be highly destructive of plaintiff's property rights. All the circumstances show that defendant intended to continue such acts, for he claims they were rightful because of his company's ownership of the properties in question. The evidence as to the character of the injurious acts clearly brings the case within the principle that a court of equity will enjoin destructive and irreparable and continuous trespasses and where no adequate remedy at law is afforded.—3 Pomeroy's Equity Jurisprudence, sec. 1357.

It may be that the insolvency of defendant was not shown sufficiently or at all; but this failure is not conclusive against the right of plaintiff to injunctive relief. Defendant himself says practically that he is a nonresident and it is quite uniformly held that insolvency, while an additional ground for relief of this character, is not essential to the granting of such relief where money damages are inadequate, or the extent of the injury is not ascertainable, or the wrongful acts are destructive of the property.—High on Injunctions, § 717.

The objections to the rulings of the court on the evidence are not of sufficient importance to demand discussion. In no event were any of them preju-

dicial to defendant, and if the evidence admitted, to which defendant objected, should be excluded, the findings nevertheless could be sustained. A careful examination of the voluminous record and the briefs of counsel convinces us that the judgment was right and it is accordingly affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.