[Civ. No. 3707. Second Appellate District, Division One.—May 12, 1922.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), et al., Appellants, v. A. PFENNING-HAUSEN et al., Respondents.

[1] MORTGAGE—JUDICIAL SALE — RENTS AND PROFITS—RIGHT OF PURCHASER.—A purchaser upon a judicial sale of mortgaged property has the right under the provisions of section 707 of the Code of Civil Procedure to receive the rents and profits thereof, or the value of the use and occupation.

[2] ID.—LEASED PROPERTY — PAYMENT OF RENT AFTER FORECLOSURE—WANT OF NOTICE OF SALE—PROTECTION OF LESSEES.—The provisions of section 707 of the Code of Civil Procedure must be read in connection with section 1111 of the Civil Code, which provides that grants of rents are good and effective without attornment of the tenants, but no tenant who, before notice of the grant, shall have paid rent to the grantor, must suffer any damage thereby, and where tenants of mortgaged property are without notice of the sale of the property under foreclosure, they are justified in paying their rent to the lessor until notice, either actual or constructive, has been received.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edw. F. Wehrle and Asa V. Call for Appellants.

Walter C. Davison for Respondents.

---

2.    Effect of foreclosure of mortgage on leasehold rights, note, Ann, Cas. 1915A, 397.

SHAW, J.—This is an appeal by plaintiff upon the judgment-roll from a judgment entered in favor of defendants.

As appears from the complaint, the causes of action stated therein was to recover for the use and occupation of certain lands of which plaintiff alleged it was at all times mentioned the owner and which defendants, with its consent, held and occupied for a period of two years from and after January 1, 1917.

Appellants' contention is that the findings are insufficient to support the judgment. The material facts appearing therefrom are, that on January 13, 1917, at a sale on mortgage foreclosure proceedings, the plaintiff bought in and became the owner and holder of a certificate of sale to the land in question, upon the surrender of which certificate it, on January 21, 1918, received a deed to the property, and ever since said date plaintiff had been the owner of the property; that Rogers Development Company was, prior to the sale upon foreclosure of the mortgage thereon, in which proceedings the title thereto was acquired by plaintiff, the owner thereof, and on October 1, 1916, leased the same to defendants for the term of one year for one-fourth of the crop produced thereon, and thereafter, without demand for possession or notice to quit, defendants continued in possession for the year, which expired on October 1, 1918, the effect of which, as provided in section 1161 of the Code of Civil Procedure, was to renew the lease upon the same terms; "that on October 1, 1917, defendants not having received or been given any notice of the claim or claims, if any, of said Title Insurance and Trust Company to the rent or any portion thereof, . . . for the year ending October 1, 1917," thereupon paid the same to Rogers Development Company; that in payment of the rent due for the year ending October 1, 1918, they set aside one-fourth of the crop grown upon the land and left the same thereon as rental of said premises, of which fact they notified one Thomas F. Joyce, who was the duly authorized agent of plaintiff.

From these facts the court, as a matter of law, concluded that defendants were not indebted to plaintiff in any sum whatsoever.

That defendants had the use and occupation of the land from the time of the issuance of the certificate of sale of

the mortgaged property, to wit, from January 13, 1917, to October 1, 1918, clearly appears. It likewise appears that for the use thereof for the year expiring October 1, 1917, defendants paid the rental, not to plaintiff as holder of the certificate of purchase in the foreclosure proceedings, but to Rogers Development Company, who up to the time of the sale was the owner of the property. [1] The right on the part of the purchaser upon a judicial sale of mortgaged property to receive the rents and profits thereof, or the value of the use and occupation, based upon the provisions of section 707 of the Code of Civil Procedure, has been repeatedly sustained. (*Page* v. *Rogers,* 31 Cal. 294; *Walker* v. *McCusker,* 71 Cal. 595 [12 Pac. 723]; *Clarke and Cain* v. *Cobb,* 121 Cal. 595 [54 Pac. 74].) [2] The provisions of the section, however, must be read in connection with section 1111 of the Civil Code, which provides that grants of rents are good and effective without attornment of the tenants, but no tenant who, before notice of the grant, shall have paid rent to the grantor, must suffer any damage thereby. In the cases cited it was made to appear that the tenant had either actual or constructive notice of the sale under which he was required to pay the rental of the property to the purchaser holding the certificate. Indeed, appellant in its argument seems to concede that notice is necessary, but insists that, since under section 700a of the Code of Civil Procedure, it is made the duty of the sheriff when selling real estate at a judicial sale not only to issue to the purchaser a certificate of sale, but to file a duplicate thereof for record in the office of the county recorder, we must indulge in the presumption that such official duty was regularly and duly performed (subd. 15, sec. 1963, Code Civ. Proc.); in other words, that the certificate of sale was filed for record, which if done, such act constituted constructive notice at least to defendants of the transfer of title. Since, however, the presumption invoked by appellant is a disputable one, it is deemed to have been overcome by the evidence upon which the court based the finding hereinabove quoted, to the effect that defendants were without notice of the sale and purchase by plaintiff. Hence, since at the time of the payment of the rent to Rogers Development Company defendants had no notice of the sale under foreclosure, or of the fact that

plaintiff was the purchaser of the property in such proceedings, they were, as provided in section 1111 of the Civil Code, justified in paying the rent to their lessor in discharge of any liability for the use and occupation of the property for the year ending October 1, 1917.

As stated, the deed of the property to plaintiff was filed for record on January 21, 1918, of which fact, and the acquisition of title to the property by plaintiff, defendants must be deemed to have had constructive notice and were liable to plaintiff for the use and occupation of the property thence on to October 1, 1918, when they surrendered possession. It appears from the findings that they recognized plaintiff as entitled to the rent for the entire year and delivered to plaintiff upon the premises one-fourth of the crop grown and harvested during said year, of which fact plaintiff was repeatedly notified, and made no objection to the tender. Applying the rule that findings must be construed most strongly in support of the judgment, we think they are sufficient to support the same.

For some reason not appearing by the record, Thomas F. Joyce was included as appellant in the notice of appeal. He was not a party to the action, and although the court finds that plaintiff bid in the property at the foreclosure sale for his use and benefit and at all times held it for his use and benefit, such fact, if true, was no concern of defendants. As to them, plaintiff was the real party in interest and was entitled to maintain the action. (*Walker* v. *McCusker,* 71 Cal. 595 [12 Pac. 723]; *Cortelyou* v. *Jones,* 132 Cal. 131 [64 Pac. 119].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.