[Civ. No. 4671.  Second Appellate District, Division Two.—June 13, 1927.]

CALIFORNIA NATIONAL SUPPLY COMPANY (a Corporation), Appellant, v. ARTHUR LEE PORTER et al., Respondents.

[1] PAYMENT—BUILDING MATERIAL—PROMISSORY NOTE—MECHANIC'S LIEN.—The delivery and acceptance of a note for materials for the construction of a building, derrick, outbuildings, and appurtenances, and the drilling of an oil well, together with the conduct of the parties, especially the action of the seller in suing upon the note, justified the conclusion that such delivery constituted payment so as to bar subsequent proceedings by the seller for foreclosure of a mechanic's lien.

[2] MECHANICS' LIENS—PROMISSORY NOTES—PAYMENT—REMEDIES.— Where the seller of materials for the construction of a building, derrick, outbuildings, and appurtenances, and the drilling of an oil well, secured judgment on a promissory note given in payment therefor, a cause of action for the foreclosure of a mechanic's lien was at once abated, since, although the seller might have pro-

----

1. Waiver of mechanic's lien by taking notes or other securities, notes, 41 Am. St. Rep. 761; 35 L. R. A. (N. S.) 93. See, also, 18 R. C. L. 989. Taking unsecured note of owner or contractor as waiver of lien, note, Ann. Cas. 1915A, 961.

2. See 17 Cal. Jur. 232.

ceeded to foreclose the lien or sue upon the note, it could not do both.

[3] JUDGMENTS—ACTIONS—RES JUDICATA.—A judgment rendered by a court of competent jurisdiction on the merits bars any future suit between the same parties upon the same cause of action, so long as it remains unreversed and is not vacated or annulled.

[4] MECHANICS' LIENS—ELECTION OF REMEDIES—ESTOPPEL—WAIVER.— Where the seller of material secured judgment on a promissory note given therefor, upon the principle of estoppel, the securing of such judgment resulted in a waiver of the seller's right to seek another remedy by asserting and foreclosing a mechanic's lien as a means of realizing upon the same obligation.

---

(1) 30 Cyc., p. 1293, n. 72.   (2) 40 C. J., p. 318, n. 34.   (3) 34 C. J., p. 750, n. 24.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Flint & MacKay for Appellant.

Minor Moore for Respondents.

CRAIG, Acting P. J.—The appellant instituted a suit against the respondent Porter as the owner of certain real property in Orange County, and the respondent corporation as lessee, praying foreclosure of a mechanic's lien filed by appellant and evidencing an alleged indebtedness for materials furnished the respondent Richfield Union Oil Company for the construction of a certain building, derrick, outbuildings, and appurtenances and the drilling of an oil well upon the premises. The case was tried before the superior court and a judgment was rendered in favor of the respondents, from which the plaintiff appeals.

---

3. Estoppel by judgment, notes, 13 Am. Dec. 393; 96 Am. Dec. 775. See, also, 15 Cal. Jur. 97; 15 R. C. L. 949.

4. Resort to one remedy when bars the prosecution of another, note, 1 Am. St. Rep. 626. See, also, 10 Cal. Jur. 1, 3; 9 R. C. L. 957. Recovering personal judgment against owner as waiver of mechanic's lien, note, 32 L. R. A. (N. S.) 1073.

It appears from the pleadings that on the sixth and seventh days of April, 1921, appellant furnished and delivered materials of an alleged value of $2,500.22, for which it filed a mechanic's lien dated October 17, 1921, and that on January 13, 1922, this action was commenced for the foreclosure of the lien, and appellant alleged in its complaint that no part of the price of the materials had been paid.

Upon the trial respondents introduced evidence tending to show that the other defendants named in the complaint had no interest in the subject matter of the action, which the trial court found to be a fact. There was also introduced a promissory note for the same amount, signed by the respondent corporation, together with a letter addressed to appellant, dated July 1, 1921, purporting to inclose "our company's note in the sum of $2500.22, dated June 15th, 1921, and due August 1st, 1921, with interest from date until paid at the rate of 7 per cent per annum, and which note we are sending you in settlement of the account which you hold against our company." Respondents further introduced a letter from the appellant supply company, dated July 2, 1921, reading, in part, as follows: "We beg to acknowledge receipt of your letter of July first, enclosing note for $2500.22 in payment of your account with The California National Supply Company." It was also shown, and it is not denied, that appellant subsequently to the dates last mentioned had filed in the superior court of Orange County a suit upon said note, and had recovered judgment thereon, which judgment was introduced in evidence, and it was stipulated that the sums of money specified in the note upon which the suit was founded, and in the mechanic's lien which appellant was seeking to foreclose, represented the agreed price of the same materials.

The trial court found that "said defendant executed its promissory note to the plaintiff"; that the plaintiff accepted the same in full payment and satisfaction of its claim; that the plaintiff filed a notice of its claim of lien in the office of the county recorder, but that the same was not filed within the time required by law; the conclusions of law recited that the notice of claim of lien was invalid, "that the claim sued upon has heretofore been paid to defendant . . . , and

for this reason plaintiff should recover nothing by its action," etc. Judgment was entered accordingly.

Appellant contends that this judgment was erroneous for the reason that a note, if not paid, does not constitute payment and satisfaction of the original obligation, unless the creditor shall have expressly so agreed upon its acceptance, and that the evidence of indebtedness does not constitute a bar to subsequent proceedings for the foreclosure of a mechanic's lien. Many authorities are cited which announce this rule, and appellant argues that the language of the correspondence above quoted, transmitting and acknowledging receipt of said note "in settlement of the account," and "covering your account," was not such as to amount to an unqualified acceptance of it in satisfaction and extinguishment of the indebtedness represented thereby.

[1] That the rule contended for has been declared in numerous cases is beyond cavil, but there are other equally important considerations which the appellants apparently overlook. It is not denied that they retained the note from its date until October 15, 1922, brought a suit upon it, and caused judgment to be entered thereon for the purchase price of the identical goods, wares, and merchandise for which recovery is sought in this proceeding. The judgment may be affirmed upon the ground upon which the decision of the trial court was apparently based, that the delivery and acceptance of the note constituted payment. The language of the letters above quoted, together with the conduct of the parties, especially the action of the plaintiff in suing upon the note, justified the conclusion that the parties intended to and did expressly make the settlement by the giving and receiving of a promissory note, payment, and satisfaction of the claim which the plaintiff theretofore had against the defendants.

[2] However, no possible doubt can exist that the plaintiff's cause of action abated when it recovered judgment on the note. In the defendant's answer it is affirmatively alleged that they had theretofore executed and delivered to the plaintiff a promissory note for the full amount demanded, in settlement and satisfaction of such obligation, and that the plaintiff had brought suit upon said note and converted the same into a judgment on October 15, 1922, and prior to the trial here in controversy. The parties

stipulated that such judgment was founded upon the promissory note above mentioned, and that it was docketed. There was no finding upon this particular issue, but in view of the pleadings there should have been one. However, under the evidence and the stipulation, had a finding been made it could only have been to the effect that the allegations contained in the answer in that behalf were true. When the judgment on the promissory note was secured plaintiff's cause of action on the claim here sued upon was at once abated. There was but one obligation. Assuming that the giving of the note did not constitute payment, it did not create a new obligation, but only a new and different evidence of the one which theretofore existed. It might have proceeded to foreclose its lien, or it had a right to sue upon the note, but it could not do both. The object of either action would be to obtain a personal judgment against the defendants. *Fresno Planing Mill Co.* v. *Manning,* 20 Cal. App. 766 [130 Pac. 196], presents a situation the same in principle as that under consideration. Suit was instituted for the purchase price of materials furnished, and the pendency of proceedings for foreclosure of a mechanic's lien was pleaded in bar. Upon motion of the plaintiff, the trial court struck out such defense, and in reversing the judgment it was said:

"It is not the policy of the law to permit different suits to be instituted and pending between the same parties concerning the same subject matter; and hence the rule that an action abates upon a showing of the institution and pendency of a prior action between the same parties upon the same subject matter.

"The reason for this rule is founded upon the theory that if the first suit affords an ample remedy to the party claiming to be aggrieved, it would be not only unnecessary but vexatious to permit the prosecution of a second suit formed upon the same cause of action.

" . . . The only possible purpose in making the defendants in this action defendants in the prior action would be to secure a personal judgment against them for the satisfaction of the identical debt which is made the basis of the present action. The purpose of the present action is also to secure a personal judgment against the defendants upon practically the same cause of action upon which they were

joined as defendants in the previous action. In short, the causes of action and the relief sought in the two suits, in so far as the defendants here are concerned, are alleged to be substantially the same. Consequently the pendency of the prior action was a material defense in the present one, which it was proper to present by way of answer; and it follows that the trial court erred to the prejudice of the defendants in granting the plaintiff's motion to strike out such defense upon the ground of its immateriality.''

[3] It is true that in the present action the plaintiff sought to avail itself of an additional remedy not afforded in the former suit on the note, but the causes of action are identical. The obligation is the same whether the suit be to foreclose the lien or to secure judgment on the note. It is elementary that a judgment rendered by a court of competent jurisdiction on the merits bars any future suit between the same parties upon the same cause of action, so long as it remains unreversed and is not vacated or annulled. (23 Cyc., p. 1106, and many cases there cited.) Appellant admits that the judgment merged the cause of action upon the note, and that the latter became extinct, but it is argued that the ''extinguishment of the notes . . . cannot extinguish a claim which the notes themselves leave alive.'' This reasoning is fallacious. Adopting appellant's own theory that the note did not extinguish the original obligation, it is obvious that the obligation represented by the note is the same obligation as existed before the note was executed, and that both give rise to but one cause of action. Therefore, if the judgment extinguished the cause of action upon the note, it extinguished the entire obligation against the defendants in this transaction. [4] The cause of action upon the note became merged in the judgment, and also it may be said that upon the principle of estoppel the securing of a judgment upon the note results in a waiver of appellant's right to seek another remedy by asserting and foreclosing the lien as a means of realizing upon the same obligation. This doctrine is stated in many cases, and has been held applicable to mechanics' liens. (2 Herman on Estoppel and Res Judicata, p. 966.) The same principle is also stated in volume 10 of the California Jurisprudence, at pages 1 and 3.

And so, whether we consider the court's finding that the note was received as full payment and satisfaction of the existing obligation to have been supported by the evidence, or accept appellant's contention that the note was intended only for the purpose of evidencing the account and of changing the form of the account without affecting its existence, the plaintiff and appellant has proved no cause of action in this suit. It therefore becomes unnecessary to consider other points raised.

The judgment is affirmed.

Thompson, J., and Murphey, J., *pro tem.,* concurred.