**UNITED STATES, for Use of MAGILL–WEINSHEIMER CO., v. SYKES.**

No. 6118.

Circuit Court of Appeals, Ninth Circuit.

Oct. 27, 1930.

Percilla Lawyer Randolph, of Los Angeles, Cal., for appellant.

Edward C. Mills, of Los Angeles, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

Appellant brought this action to recover upon the bond of Sherman M. Sykes, receiver in bankruptcy. The trial court sustained the demurrer of the surety company and dismissed the action as to that company. The plaintiff takes this appeal from the judgment of dismissal. For convenience the Magill-Weinsheimer Company will be hereinafter referred to as the appellant.

The complaint alleges that on the 31st day of May, 1927, Sherman M. Sykes was appointed and qualified to act as receiver in the matter of the estates of Edison J. Young and Eva E. Young, bankrupts; that thereupon Sykes, as principal, and the appellee, as surety, executed two bonds in the sum of $15,000 conditioned for the faithful performance of the duties of the receiver in the respective bankruptcy proceedings. The condition of the bonds is as follows:

"Now, therefore, if the said Sherman M. Sykes as receiver, as aforesaid, shall obey such orders as said court may make in relation to said trust, and shall faithfully and truly account for all the moneys; assets and effects of the estates of the said bankrupt which shall come into his hands and possession, and shall in all respects faithfully perform all his official duties as said receiver, then this obligation to be void; otherwise to remain in full force and virtue."

It is further alleged that Sherman M. Sykes, as receiver, assumed control over and took charge of and collected the rents from certain "real properties of the hereinbefore mentioned bankrupt estates standing in the names of Edison J. Young and Eva E. Young," in the complaint particularly described. It is further alleged that all of this real property was sold to Barbara A. Tasker by the sheriff of the county of Los Angeles under and by virtue of a writ of execution by the sheriff of the county of Los Angeles on March 27, 1927, and that the bankrupt estates had an equity of redemption in said properties until the 27th day of March, 1928. It is also alleged that on the 16th of May, 1927, a portion of the same property was sold to Elias V. Rosenkranz and the Title Insurance & Trust Company under decree of foreclosure, and that the bankrupt estates, under the law of California, had "an equity of redemption in the aforesaid property until

the 16th day of May, 1928." Appellant alleges that it acquired the interests of the purchaser at said sheriff's sales, and "that under and by virtue of the laws of the State of California the purchaser in an execution sale or foreclosure sale is entitled to the revenues from said property purchased, and if there is a redemption the moneys so collected are to be applied on the redemption price. That if said bankrupt estates had exercised their equity of redemption the rentals collected by the defendant, Sherman M. Sykes, as receiver would have belonged to the said bankrupt estates; that said bankrupt estates did not redeem the heretofore mentioned real properties from said sheriff's execution sale and therefore under the laws of the State of California the purchaser at the said execution sale" is entitled to the rentals collected by the receiver. It is alleged that on December 10 the referee in bankruptcy entered an order to the effect that the purchasers at said sales had assigned their interests in the rentals collected by their receivers to the appellant Magill-Weinsheimer Company and that said company was entitled to said rentals.

It is further alleged that on the 7th of May, 1929, the referee entered an order that the receiver be charged with and pay to Magill-Weinsheimer Company the sum of $4,-016.20 and the further sum of $341.35, being the aforesaid rentals. The alleged plaintiff made demand upon both the defendants and that "they both refused and continue to refuse to pay to Magill-Weinsheimer Company the heretofore mentioned amount." The orders are referred to in the complaint and attached thereto as exhibits.

It appears therefrom that on the 10th day of December, 1928, in the bankruptcy proceeding, the referee found the facts substantially as hereinbefore stated and ordered as follows:

"It is further ordered that the aforesaid Sherman M. Sykes, Receiver, and Elias V. Rosenkranz and A. C. Austin, Trustee, deliver to Magill-Weinsheimer Company, a corporation, all moneys which they now have in their possession and may have heretofore received from the rentals from the above described real property."

It appears from the order settling the accounts of Sherman M. Sykes that said account came on for hearing on April 23, 1929; that in said order settling the account Sherman M. Sykes was charged with the sum of $859.75 as rental for a portion of the real property described in the complaint and that of said sum he had paid all except $397.84

to A. C. Austin, who was appointed March 1, 1928, as trustee in said bankrupt proceedings. It was found that the receiver was entitled to $56.49 as expenses in collecting the rental above referred to and that he was charged with the sum of $341.35. This is the amount specified in the complaint which the appellant seeks to recover on account of said rentals. It is further found in said order that the receiver had collected $4,287.58 rental upon a portion of the real estate hereinabove referred to. The court allowed the receiver $271.38 for his services in collecting said amount and charged the receiver with the balance of $4,016.20. It is further recited in the order "that said receiver has not now on hand the said sum, nor has he transferred any of the said sums to the trustee, saving and excepting the sum of $431.61, which said sum is still on deposit in the so-called special trust fund."

The order directing the payment by the receiver to the appellant recites that attorneys appeared at the hearing for Barbara A. Tasker and for Magill-Weinsheimer Company.

The theory upon which the demurrer was sustained and the judgment of dismissal was rendered is disclosed by the briefs on appeal and by the memorandum opinion of the trial judge which appears in the transcript. This theory is that inasmuch as under the law of the state of California the purchaser at the execution sale of real estate is entitled to the rents and profits arising from the property during the period of redemption and to collect the same from the tenant, that the purchasers became entitled to collect the rental and that the receiver had no right thereto or to collect the same, and that as no redemption from the sale had been effected, the rentals became the absolute property of the purchaser. The opinion states: "I therefore agree with the order of the honorable referee, the plaintiff herein, by virtue of its assignment from the purchasers at the sales, became entitled to the rentals collected by defendant Sykes."

It is said, however, that the surety on the official bond of the receiver was not liable for the failure of the principal "to account for and pay over to and to be entitled thereto, moneys collected by him wrongfully, and which for that reason were at no time the property of the estates in bankruptcy coming into his hands as receiver." It was said:

"Hence, it does not matter in this case whether Sykes collected the moneys in question in his alleged official right or in his in-

dividual capacity; he had no legal right to collect or retain the same in either capacity, and all are presumed to have known the law in this respect. As the surety was not a party to the proceeding in reclamation before the referee, he, of course, is not bound by the order made by the referee."

This opinion by the trial court substantially conforms to the contention of the appellant upon this appeal. This is in error. Under the allegation of the complaint the bankrupts owned the real estate in question. That real estate had been sold shortly before the receiver was appointed. Claiming the right as successor to their landlord by virtue of the adjudication in bankruptcy and his appointment as receiver, the receiver collected from the tenants of the bankrupt the rentals due from them for the use and occupation of the premises belonging to the bankrupt subject to the sheriff's sale. By the collection of those rents in this manner the property so collected was in custodia legis subject to the orders of the court in the bankruptcy proceedings. Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. It is entirely immaterial who was ultimately entitled to the money thus collected by the receiver. In this connection it may be said, however, that there may be a substantial difference between the ultimate right to the rentals and the right of the landlord or his successor to collect the rentals in case of a sheriff's sale of the real property in California. As the point is not important in this case, we merely refer to the decision of the California District Court of Appeal for the Second District upon that subject in Title Ins. & Trust Co. v. Pfenninghausen, 57 Cal. App. 655, 207 P. 927. It may also be observed that under the provisions of the Code of Civil Procedure of California, relied upon herein to determine the relative rights of the purchaser and the former owner in and to the rents of real property sold at sheriff's sale, that the ultimate ownership of the rentals is not finally determined until the period for redemption has expired. If the property is redeemed the rentals are applied to reduce the amount required for redemption, and if not redeemed they belong to the purchaser. Code Civ. Proc. § 708. There can be no doubt, therefore, that the court in the bankruptcy proceeding had exclusive jurisdiction to determine the ownership in the property thus in the custody of its receiver. Murphy v. Hofman, supra. It was the duty of the receiver to hold said property subject to the order of the court and to disburse the property in compliance with the order of court. Such an order, it is alleged, was made by the referee. It is alleged that the receiver and the surety refused to comply with the order after demand for such compliance. In such a case the surety is liable for the malfeasance of the principal. High on Receivers (3d Ed.) § 129.

The question as to whether or not the surety is bound by the order of court directing the receiver to pay funds in his hand to a third person where the surety is not made a party to the proceedings has two aspects. The surety is bound for misconduct or malfeasance of his principal in failing to obey an order directing him to pay money. Whether or not the surety is bound by the order directing the receiver to pay money in the sense that he cannot question the validity of the order is a question which we need not determine on this appeal. See Thomson v. MacGregor, 81 N. Y. 594.

The judgment must be reversed. There are some imperfections in the complaint which should be cured by proper amendment. It is alleged therein that on May 7, 1929, the referee entered an order that the receiver pay to the appellant the sums of $4,016.20 and $341.25. A reference to the attached order discloses that this is not true. The order referred to merely settled the account of the receiver and charged him with the amounts specified.

It is alleged in the complaint that on December 10, 1928, the referee adjudged that the appellant was entitled to rentals collected by the receiver. But the order referred to is attached to the complaint, which shows also that the referee thereupon made an order that the receiver pay over to the appellant the rentals collected by him. The allegation of nonpayment is also defective. Baumgarten v. Alliance Assurance Co. (C. C.) 159 F. 275; Scroufe v. Clay, 71 Cal. 123, 11 P. 882; 20 Cal. Jur. p. 947, § 28.

Judgment reversed, with leave to appellant to amend his complaint.