[Civ. No. 1668.   Fourth Appellate District.—January 13, 1938.]

A. D. MITCHELL et al., Appellants, v. SHORERIDGE
   OIL COMPANY (a Corporation) et al., Defendants;
   AZELL T. FREEMAN, Executor, etc., Respondent.

R. Dechter and B. L. Hoyt for Appellants.

Jesse R. Shafer for Respondent.

JENNINGS, J.—By their amended complaint filed in this action in the Superior Court of Orange County on August 7, 1935, plaintiffs sought to subject real property owned by the defendant Lucy B. Freeman, to mechanics' liens for materials furnished by them to the defendant's lessee, Shoreridge Oil Company, to foreclose such liens, and to obtain a decree that the land be sold for the purpose of satisfying the liens. In her answer filed to said amended complaint Lucy B. Freeman alleged that prior to the institution of this action plaintiffs had assigned the claims and demands which they asserted to one D. Aarup, that said assignee on February 6, 1935, commenced an action in the Superior Court of Los Angeles County against the Shoreridge Oil Company and others on such demands, and that judgment was rendered in favor of the assignee against the defendants in said action on August 7, 1935, whereby it was adjudged that the assignee should have and recover from said defendants the amount demanded in said action on said demands. During the trial of the issues framed by the pleadings in the instant action evidence was produced which indicated that prior to the bringing of this suit plaintiffs had assigned their claims upon which the liens here sought to be foreclosed were based to the person named in the above-mentioned answer, that such assignment was oral and was for collection only, that the assignee had instituted an action on such claims in Los Angeles County and had recovered a money judgment against the Shoreridge Oil Company and the other defendants named in said action. On these facts the trial court in this proceeding found that plaintiffs had no interest in the liens which they asserted or in the subject-matter of the causes of action which they here alleged and rendered judgment in favor of the defendant, Lucy B. Freeman. From the judgment thus rendered plaintiffs appeal.

Appellants contend that, since the evidence showed that the assignment of their claims was oral and was made only for the purpose of collection and they received no consideration for such assignment, they retained the equitable interest in such claims and were therefore empowered to bring this proceeding to foreclose the liens in their own names.

■ With respect to the fact that the assignment of the claims for the purchase price of the materials furnished by appellants was oral it is settled that there is no legal requirement that such an assignment must be in writing. ■ It is also settled that a mechanic's lien is a mere incident of the debt which it secures and that the assignment of the debt carries with it the lien. (*Union Supply Co.* v. *Morris*, 220 Cal. 331, 338 [30 Pac. (2d) 394].) When, therefore, appellants assigned their claims for money due them for materials, as the evidence showed they did, the liens which the law gave them by way of security passed to the assignee, who thereupon became entitled to enforce such liens. The fact that the assignment was made merely for the purpose of collecting the amounts due on the claims and that appellants received no consideration for the assignment is of no importance. ■ The assignee nevertheless became the legal owner of the claims and the liens which secured their payment. (*Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490, 497 [33 Pac. 550]; *Cortelyou* v. *Jones*, 132 Cal. 131, 132 [64 Pac. 119]; *Ingle Mfg. Co.* v. *Scales*, 36 Cal. App. 410 [172 Pac. 169].) By the assignment made as indicated the assignee became the proper party not only to enforce collection of the debts but also to foreclose the liens which, as heretofore observed, passed as incidents of the debts. Without reassignment to them which the uncontradicted evidence showed had not been made appellants were not empowered to institute the instant action. (*Tuller* v. *Arnold*, 98 Cal. 522 [33 Pac. 445].) ■ Finally, it must be observed that not only had the assignee of appellants instituted a prior action to enforce collection of the claims but that, as the evidence of appellants themselves showed, this prior suit was prosecuted to judgment which was rendered in favor of the assignee for the amount for which the liens here attempted to be foreclosed were the security provided by the law. It is apparent that the demands asserted in the prior action became merged in the judgment rendered therein and

the entry of such judgment operated as a waiver of the rights of appellants to seek the remedy of foreclosure on the principle of estoppel. (*California Nat. Supply Co.* v. *Porter,* 83 Cal. App. 758, 763 [257 Pac. 161].)

█ Appellants complain that the trial court erred in refusing to admit evidence which they attempted to introduce, the purpose and effect of which was to show that the present action was brought with the knowledge and consent of their assignee. No error was committed by the ruling thus made. The knowledge and consent of the assignee to the institution of this action was immaterial in view of the undisputed facts disclosed by the record herein to which reference has been made in this opinion.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1938, and the following opinion then rendered therein:

THE COURT.—The petition for hearing is denied. However we withhold approval from that portion of the opinion beginning with the word "Finally", found in the next to the last paragraph of the opinion, and ending with the citation "(*California Nat. Supply Co.* v. *Porter,* 83 Cal. App. 758, 763 [257 Pac. 161])."